LARSON and others, Plaintiffs and Respondents, v. FETHERSTON and others, Defendants: COMMERCIAL STATE BANK OF MADISON, Garnishee Defendant: NORTHWEST AIRLINES, INC., and others, Intervening Defendants and Respondents: JOHNSON and others, Intervening Defendants and Appellants. [Case No. 151.] *

LARSON and others, Plaintiffs and Respondents, v. MUELLER TRAVEL AGENCY, INC., Defendant: FIRST NATIONAL BANK OF COLUMBUS, Garnishee Defendant: NORTHWEST AIRLINES, INC., and others, Intervening Defendants and Respondents: JOHNSON and others, Intervening Defendants and Appellants. [Case No. 152.] *

NORTHWEST AIRLINES, INC., and others, Plaintiffs and Respondents, v. FETHERSTON and others, Defendants: LARSON and others, Defendants and Respondents: COMMERCIAL STATE BANK OF MADISON and others, Garnishee Defendants: JOHNSON and others, Intervening Defendants and Appellants. [Case No. 153.] *

*Nos. 151–153. Argued October 29, 1969.—Decided November 25, 1969.*
(Also reported in 172 N. W. 2d 20.)

_____

* Motion for rehearing denied, with costs, on February 3, 1970.

714

For the appellants there were briefs and oral argument by *Richard R. Rynders* of Madison.

For the respondents Norman L. Larson and Howard R. Meyer there was a brief by *Lawton & Cates*, and oral argument by *John H. Bowers*, all of Madison.

For the respondents Northwest Airlines, Inc., et al., there was a brief by *Jasper, Winner, Perina & Rouse* and *Robert I. Perina*, attorneys, and *Harry Sauthoff, Jr.*, of counsel, all of Madison, and oral argument by *Mr. Sauthoff*.

HANLEY, J.  Two issues are raised on this appeal:

(1) Does the *Sniadach* decision, dated June 9, 1969, render the instant judgments inoperative; and

(2) Did the funds deposited in the garnishee banks constitute trust funds not subject to garnishment?

*Applicability of Sniadach Decision.*

The respondents seek to avoid dismissal of their garnishment actions by arguing that:

(1) The *Sniadach* decision was limited in scope and should be applied only to garnishment of wages, while wages are in the hands of the employer, claiming the purpose of the decision was only to protect wages; and

(2) That the decision is only a rule of future procedure and should not be applied to any case instituted before the decision is handed down.

An examination of the decision reveals a wider scope of application than that contended for by respondents.

The United States Supreme Court in *Sniadach, supra,* stated at pages 339 and 342, respectively:

". . . In this case the sole question is whether there has been a taking of property without that procedural due process that is required by the Fourteenth Amendment. . . ." and

". . . Where the taking of one's property is so obvious, it needs no extended argument to conclude that absent notice and a prior hearing (cf. *Coe v. Armour Fertilizer Works,* 237 U. S. 413, 423) this prejudgment garnishment procedure violates the fundamental principles of due process."

Although the majority opinion in *Sniadach* makes considerable reference to the hardship of the unconstitutional procedure upon the wage earner, we think that no valid distinction can be made between garnishment of wages and that of other property. Clearly, a due process violation should not depend upon the type of property being subjected to the procedure. Under the respondents' contention wages in the hands of the employer would be exempt from prejudgment garnishment, but wages deposited in a bank or other financial institution would be subject to prejudgment garnishment.

Having concluded that the rule of *Sniadach* applies to all garnishment actions, we must determine its applicability to the present garnishment actions. In concluding that the rule in *Sniadach* is applicable, we need not apply the decision retrospectively for these cases are now before us on appeal; and the question of whether or not a rule of constitutional procedure is to be applied retrospectively arises only for causes which have been finalized.

In *State ex rel. La Follette v. Raskin* (1966), 30 Wis. 2d 39, 48, 139 N. W. 2d 667, we stated cases were finalized only when "there has been a judgment of conviction, sentence and exhaustion of rights of appeal." These garnishment actions have not reached the stage of finalization. This is a pending action.

1 Am. Jur. 2d, *Actions,* p. 620, sec. 91, states:

". . . An action may be deemed pending after judgment has been rendered provided . . . an appeal is being taken, . . ."

Since the *Sniadach* decision is applicable to the instant garnishment actions, the judgments must be reversed. Therefore, we do not reach the issue of whether the funds deposited in the garnishee banks constituted trust funds not subject to garnishment.

*By the Court.*—Judgments reversed with directions to dismiss the garnishment complaints.