25520. COX v. BURSON, Director, et al.

NICHOLS, Justice. The motor vehicle operator's permit of James Edson Cox was suspended by the Department of Public Safety as the result of the failure of Cox to submit to a chemical test to determine the alcoholic content of his blood when requested by an officer to do so. On appeal to the Superior Court of DeKalb County, Cox attacked the constitutionality of "Georgia Laws 1968, pages 448 to 455" and prayed that "Georgia Code Anno. 68-1625.1" be declared unconstitutional, null and void. *Held:*

1. If the attack be considered one on the whole Act of 1968 (Ga. L. 1968, pp. 448-455) then the same must fail since no reasons are alleged as to why the whole Act is unconstitutional. Compare *Dade County v. State of Ga.*, 201 Ga. 241, 246 (39 SE2d 473), and citations.

2. If the attack be limited, as the prayer is limited, to an attack on "Georgia Code Ann. § 68-1625.1" then the same must fail since there is no such section in the official Code of 1933. Compare *Mallard v. State*, 220 Ga. 31 (136 SE2d 755), and citations.

Accordingly, the sole enumeration of error complaining of the overruling of appellant's motion to declare the " 'Implied Consent Law' (Georgia Code Ann., Sec. 68-1625.1, Georgia Laws 1968, pages 448, 455) as being unconstitutional," shows no reversible error.

*Judgment affirmed. All the Justices concur.*

ARGUED DECEMBER 9, 1969—DECIDED JANUARY 8, 1970.

*James C. Abernathy, Verlyn C. Baker,* for appellant.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Mathew Robins, Marion O. Gordon, Assistant Attorneys General, Larry H. Evans,* for appellee.