436 F.2d 977
 CINERAMA, INC., Cinerama Hawaii Hotels, Inc., and Panorama
Services, Inc. (Defendants in Civil No. 70-3160),
Petitioners,
v.
UNITED STATES DISTRICT COURT FOR the DISTRICT OF HAWAII and
the Honorable Martin Pence, United States District Judge for
the District of Hawaii, Respondents, McNeil Construction
Co., Real Party in Interest.
 No. 26610.
 United States Court of Appeals, Ninth Circuit.
 Feb. 10, 1971.
 
 Harry B. Swerdlow, of Swerdlow, Glikbarg & Shimer, Beverly Hills, Cal., Frank D. Padgett, of Padgett, Greeley, Marumoto & Akinaka, Honolulu, Hawaii, for petitioners.
 A. James Wriston, Jr., of Ashoford & Wriston, Honolulu, Hawaii, for real party in interest.
 ORDER DENYING PETITION FOR WRIT OF MANDAMUS
 Before DUNIWAY and WRIGHT, Circuit Judges:
 
 
 1
 The court has considered the Petition for Writ of Mandamus, the response thereto by the real party in interest, and has heard oral argument. It is ordered that the Petition is denied.
 
 ELY, Circuit Judge (dissenting):
 
 2
 The petitioner attacks a certain prejudgment garnishment procedure prescribed by a statute of the State of Hawaii. Hawaii Rev.Stat. 652-1 (as amended 1970). The claim is that the procedure is constitutionally infirm under the teaching of Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969). It is my opinion that the contention, with respect to the particular circumstances of this case, is valid.
 
 
 3
 The respondent filed a civil action against the petitioner in the District Court and, under the challenged statute, attached large quantities of the petitioner's money and other personal property without any showing whatsoever of the need for the attachment or of the probability that it would prevail in the principal suit. In order to regain the use of its property, the petitioner was required to incur the expense, which was probably considerable, of posting a surety bond. It therefore seems to me that there has been a taking of the petitioner's money and property without due process of law. It is likely, I think, that the statute will eventually be amended, or interpreted by Hawaii's courts, so as to afford more adequate safeguards. That has not yet been done, however, and the only problem which we confront is whether the statute, as it now reads and as it has been applied in this case, is constitutionally valid. As I have said, I believe it is not. It provides the opportunity for abuse, and if applied to a closely-held family corporation with little income, it could work irremediable and intolerable hardship just as did the garnishment of wages in Sniadach. To me, the approach taken by Mr. Justice Harlan in that case seems irrefutable. See Sniadach, supra at 342-344, 89 S.Ct. 1820. See also Jones Press, Inc. v. Motor Travel Serv., Inc., 176 N.W.2d 87 (Minn. 1970); Larson v. Fetherston, 44 Wis.2d 712, 172 N.W.2d 20 (1969).
 
 
 4
 The difficult question for me has been procedural, not constitutional. The petitioner asserts that mandamus is the only remedy which was available. This may be true, but I have thought that the more orderly challenge to the validity of the statute might have been through the avenue of a three-judge court convened pursuant to 28 U.S.C. 2281 et seq.