**Walter Trent AARON, for himself and for all others similarly situated,**

**v.**

**Curtis CLARK and D. W. Austin, Jr. in his capacity as Clerk of the Fulton County Civil Court.**

**Civ. A. No. 16144.**

United States District Court,
N. D. Georgia,
Atlanta Division.

May 4, 1972.

M. Victor Geminiani, Steven Gottlieb, Atlanta, Ga., for plaintiff.

Curtis Clark, pro se.

Archer, Patrick & Sidener, East Point, Ga., for defendant Austin.

Before BELL, Circuit Judge, and EDENFIELD and FREEMAN, District Judges.

EDENFIELD, District Judge:

Walter Trent Aaron invites us in this case to declare that the Georgia statutes providing for pre-judgment garnishment are unconstitutional in their entirety on the authority of Sniadach v. Family Fi-

nance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969). We decline the invitation and limit our constitutional decree to the precise facts presented by this case. *See* Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 347, 56 S.Ct. 466, 80 L.Ed. 688 (1936) (Brandeis, J., concurring).

Aaron and defendant Clark were involved in an automobile accident in November, 1971, and on January 3, 1972 Clark filed suit in Fulton County Civil Court against Aaron for compensatory and punitive damages totaling $69,250. On January 6, without notice to Aaron and prior to any hearing, Clark filed an affidavit and bond for garnishment with defendant Austin, Clerk of the Civil Court, as provided by Ga.Code Ann. §§ 46–101, 46–102 (1965).[1] In the affidavit Clark swore that Aaron was indebted to him in the amount of $69,250, that he had "reason to apprehend the loss of said sum or some part thereof unless process of Garnishment issues," and that the sum sought to be garnished was not daily, weekly, or monthly wages. A summons of garnishment was served on the Citizens and Southern National Bank, as well as several other banks in the Atlanta area. Subsequently the C & S bank notified Aaron that, pursuant to the summons of garnishment, all his money on deposit—$145—and all money deposited in the future would be turned over to the Civil Court. Aaron is now, and was at the time of the garnishment, a full-time student at DeKalb County Junior College, and the funds on deposit at the C & S bank were to have been used to pay tuition for the upcoming quarter at that college.

The court granted Aaron leave to proceed in forma pauperis, and he filed this class action seeking declaratory and injunctive relief under 42 U.S.C. § 1983 (1970). The court assumed jurisdiction, 28 U.S.C. § 1343 (1970); Lynch v. Household Finance Corp., 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 (Mar. 23, 1972), and granted Aaron's petition for a temporary restraining order enjoining the continued garnishment of the funds on deposit at C & S. A three-judge court was convened pursuant to 28 U.S. C. § 2281 (1970).

In *Sniadach* the Supreme Court held unconstitutional a Wisconsin statute which allowed a creditor with no special need to garnish the wages of an alleged debtor without notice and prior to a hearing. The Court stated that:

"A procedural rule that may satisfy due process for attachments in gener-

---

[1]. Section 46–101: "In cases where suit shall be pending, or where judgment shall have been obtained, the plaintiff shall be entitled to the process of garnishment under the following regulations: Provided, however, no garnishment shall issue against the daily, weekly or monthly wages of any person residing in this State until after final judgment shall have been had against said defendant: Provided, further, that the wages of a share cropper shall also be exempt from garnishment until after final judgment shall have been had against said share cropper: Provided, further, that nothing in this section shall be construed as abridging the right of garnishment in attachment before judgment is obtained."

Section 46–102: "The plaintiff, his agent, or attorney at law shall make affidavit before some officer authorized to issue an attachment, or the clerk of any court of record in which the said garnishment is being filed or in which the main case is filed, stating the amount claimed to be due in such action, or on such judgment, and that he has reason to apprehend the loss of the same or some part thereof unless process of garnishment shall issue, and shall give bond, with good security, in a sum at least equal to double the amount sworn to be due, payable to the defendant in the suit or judgment, as the case may be, conditioned to pay said defendant all costs and damages that he may sustain in consequence of suing out said garnishment, in the event that the plaintiff shall fail to recover in the suit, or it shall appear that the amount sworn to be due on such judgment was not due, or that the property or money sought to be garnished was not subject to process of garnishment. No person shall be taken as security on the bond who is an attorney for the plaintiff or a nonresident unless the nonresident is possessed of real estate in the county where the garnishment issues of the value of the amount of such bond."

al, see McKay v. McInnes, 279 U.S. 820 [49 S.Ct. 344, 73 L.Ed. 975], does not necessarily satisfy procedural due process in every case. The fact that a procedure would pass muster under a feudal regime does not mean it gives necessary protection to all property in its modern forms. We deal here with wages—a specialized type of property presenting distinct problems in our economic system. We turn then to the nature of that property and problems of procedural due process." 395 U.S. at 340, 89 S.Ct. at 1822.

The Court proceeded to analyze some of the hardships posed by the garnishment of wages under the Wisconsin statute and concluded that such garnishment amounted to a "taking" of property which, absent notice and prior hearing, violated the fundamental principles of due process. The Court pointed out that in some "extraordinary situations" such a "taking" in the absence of notice and prior hearing might be countenanced. However, since the Wisconsin statute permitting summary seizure of wages was not restricted to "extraordinary situations," the Court declared it unconstitutional.

The significance of *Sniadach* is that it is the first case in which the Supreme Court has held that due process requires a *prior* hearing even when the "taking" is relatively brief and an *eventual* hearing is guaranteed. *The Supreme Court, 1968 Term*, 83 Harv.L.Rev. 7, 114 (1969). However, the majority opinion [2] left open the question of whether pre-judgment garnishment of property other than wages would amount to a "taking" and necessitate a prior hearing. Recent federal and state court decisions on this question are in conflict.[3] But it seems to us that *Sniadach* certainly covers any pre-judgment summary seizure of a "specialized type of property" which may impose a great hardship on an alleged debtor. Laprease v. Raymours Furniture Co., 315 F.Supp. 716, 722 (N.D.N.Y.1970) (three-judge court). *See also* Brunswick Corp. v. J & P, Inc., 424 F.2d 100, 105 (10th Cir. 1970); Jernigan v. Economy Exterminating Co., 327 F.Supp. 24, 30 (N.D.Ga. 1971) (three-judge court); Fuentes v. Faircloth, 317 F.Supp. 954 (S.D.Fla. 1970) (three-judge court), prob. juris. noted, 401 U.S. 906, 91 S.Ct. 893, 27 L. Ed.2d 804 (1971). We conclude that the property garnished in this case—funds set aside for college tuition—is a "specialized type," the summary seizure of which could and did impose a great hardship on an alleged debtor. We further conclude that the Georgia law providing for pre-judgment garnishment does not restrict the summary seizure of this property to "extraordinary situations." Accordingly, we hold only that

2. The concurring opinion of Justice Harlan emphasized that the property of which Sniadach had been deprived was the *use* of the garnished portion of her wages. He felt that this deprivation could not be characterized as *de minimis* and that as a result Sniadach should have been accorded the usual elements of procedural due process. Sniadach v. Family Finance Corp., *supra*, at 342, 89 S.Ct. 1820 (concurring opinion). Justice Harlan's emphasis on "use" as the property whose summary seizure necessitates a prior hearing may well represent a broader view than that adopted by the majority opinion. *See* Lebowitz v. Forbes Leasing & Finance Corp., 326 F.Supp. 1335, 1345, n. 57 (E.D.Pa.1971).

3. Compare Randone v. Appellate Dept. of the Superior Court of Sacramento County, 5 Cal.3d 536, 96 Cal.Rptr. 709, 488 P.2d 13 (1971); Jones Press, Inc. v. Motor Travel Ser., 286 Minn. 205, 176 N.W.2d 87 (1970); Larson v. Fatherston, 44 Wis.2d 712, 172 N.W.2d 20 (1969) (applying Sniadach broadly to all property), with Epps v. Cortese, 326 F.Supp. 127 (E.D.Pa.1971) (three-judge court), prob. juris. noted, 402 U.S. 994, 91 S.Ct. 2185, 29 L.Ed.2d 159 (1971); Reeves v. Motor Contract Co. of Georgia, 324 F.Supp. 1011 (N.D.Ga.1971) (three-judge court); Black Watch Farms, Inc. v. Dick, 323 F.Supp. 100 (D.Conn.1971); Termplan, Inc. v. Superior Court, 105 Ariz. 270, 463 P.2d 68 (1969) (restricting Sniadach to wages). *See* Lebowitz v. Forbes Leasing & Finance Corp., *supra*; Klim v. Jones, 315 F.Supp. 109 (N.D.Cal.1970).

the portion of Georgia law which permits pre-judgment garnishment of funds set aside for college tuition without notice and prior hearing is unconstitutional. Sniadach v. Family Finance Corp., *supra*.

We turn first to the nature of the property involved in this case. At a hearing held in this court on Clark's motion to vacate the order granting Aaron leave to proceed in forma pauperis, it was established that approximately $130 of the $145 Aaron had on deposit at the C & S bank came from his aunt who designated its use for college tuition. The balance of the money represented Aaron's earnings from temporary employment during the Christmas recess and was also to have been used for college tuition. These funds, therefore, bore a resemblance to trust funds created to provide a beneficiary with a college education. We may take judicial notice of the fact that many Americans consider a college education as important as primary and secondary education. Some consider it an absolute necessity of life. Unquestionably, a college degree has become a prerequisite for a variety of jobs and professions and people unwilling or unable to secure other types of employment often depend upon that degree for economic survival. In view of this we believe that funds set aside for college tuition constitute the "specialized type of property" to which *Sniadach* certainly speaks.

Although Georgia law provides the alleged debtor with the opportunity to dissolve a garnishment by posting a double bond, Ga.Code Ann. § 46–402 (1965), Aaron was and is a pauper and he could not make use of this provision. Deprived by the garnishment of access to the funds set aside for tuition for the upcoming college quarter, Aaron was faced with the immediate prospect of ex-

pulsion. That might have jeopardized his entire college career. Indeed, it was for this very reason that the court issued a temporary restraining order. It is apparent to us that the summary seizure of the tuition money imposed a great hardship on Aaron, as it would on any college student summarily deprived of funds needed shortly for tuition payments.

That leaves only the question of the breadth of the Georgia statutes. If Georgia law had restricted the summary seizure of tuition money to "extraordinary situations," it might well have withstood the scrutiny of *Sniadach*. However, Ga.Code Ann. §§ 46–101, 46–102 are not so restricted. It is true that a creditor who wishes to summarily seize tuition money must sign an affidavit stating, among other things, that he has "reason to apprehend the loss of said sum or part thereof unless process of Garnishment issues." But these words are printed on the standard affidavit form used by defendant Austin; a creditor need only fill in the alleged debtor's name, the amount of the alleged debt, and the date, and sign the form. He is not required to allege any specific facts to support his apprehension and the veracity of his affidavit is not tested by any judicial officer. We do not believe the Georgia statutes are drawn narrowly enough so that the summary seizure of funds set aside for college tuition can be undertaken only in "extraordinary situations."

In sum, we declare that those provisions of Ga.Code Ann. §§ 46–101, 46–102 which permit the pre-judgment garnishment of funds set aside for college tuition are unconstitutional in that they violate the Fourteenth Amendment by depriving plaintiff and others similarly situated [4] of property without due process of law. Defendants are therefore

---

4. In his complaint plaintiff described the class he sought to represent as all those persons who now have or will have their property summarily seized before judgment pursuant to Ga.Code Ann. §§ 46–101, 46–102. In view of the approach we have taken in this case the class shall be restricted to all those persons who now have or will have funds set aside for college tuition which are being or will be summarily seized pursuant to Ga.Code Ann. §§ 46–101, 46–102. Rule 23(c), (d), Fed.R. Civ.P.

permanently enjoined from implementing or enforcing in any manner those provisions of Ga.Code Ann. §§ 46–101, 46–102 [5] which permit the pre-judgment garnishment of funds set aside for college tuition.

It is so ordered.

5. We express no views on the constitutionality of those provisions of Ga.Code Ann. §§ 46–101, 46–102 which permit the pre-judgment garnishment of property other than "specialized types," the summary seizure of which may impose great hardships on an alleged debtor, such as funds set aside for college tuition or wages (Reeves v. Motor Contract Co. of Georgia, *supra*). We note in passing that defendant Austin required Clark to swear in the affidavit for garnishment that the property he wished garnished was not wages. If this is now standard practice throughout Georgia, the constitutional infirmity in the Georgia pre-judgment garnishment laws pointed out by this court in *Reeves* has been overcome. Such a corrective procedure, among others, might well be adopted to meet the constitutional infirmity raised in the instant case.