28217. NORTH GEORGIA FINISHING, INC. v. DI-CHEM, INC. et al.

UNDERCOFLER, Justice. Di-Chem, Inc., filed a complaint on an

account against North Georgia Finishing, Inc. Immediately after filing said suit, Di-Chem, Inc., filed an affidavit and bond for garnishment against the First National Bank of Dalton, as garnishee.

North Georgia Finishing, Inc., filed a motion to dismiss the writ of garnishment on the ground that Code Ann. § 46-101 providing for garnishment in this state is unconstitutional because it violates the due process and equal protection clauses of the State and Federal Constitutions. After hearing argument on this issue, the trial court overruled the motion and signed a certificate for immediate review. The appeal is from this judgment. *Held:*

1. The defendant moved to dismiss the garnishment on the ground that it was issued under the authority of Georgia "Code Annotated § 46-101" and that it violated his rights of due process and equal protection guaranteed by the Constitutions of Georgia and the United States. The trial court certified: "The Court, at said hearing, considered the pleadings of record in said case and entertained argument of counsel. The pleadings of record raised generally the issue of constitutional due process, but did not specifically raise the due process issues of notice and hearing, however, during argument of counsel certain cases were cited as authority by counsel for both parties and the court's attention was specifically directed to the constitutional due process issues of notice and prior hearing as the same pertain to the facts of the instant case." Counsel for the plaintiff made no objection concerning the issues of hearing and notice as the same were raised in the argument of the defendant. After hearing argument of counsel, the court entered an order overruling the defendant's motion to dismiss the process of garnishment on each and every ground therein and certified the question for immediate review.

This court now has before it the question of whether an attack on Code Ann. § 46-101 on the ground that it violates the due process and equal protection clauses of the State and Federal Constitutions is sufficiently raised by the pleadings and argument of counsel before the trial court as to be now considered by this court. Although the pleadings generally raise the issue of due process and equal protection, the argument of counsel before the trial court that it was deprived of notice and hearing before its property was taken was not raised in the pleadings. No objection was made, however, on this ground and the trial judge specifically stated that he overruled the

defendant's motion to dismiss the process of garnishment on each and every ground therein.

The Civil Practice Act of 1966 (Ga L. 1966, p. 609; Code Ann. § 81A-108 (a)) has eliminated issue pleadings and has substituted notice pleadings. *Reynolds v. Reynolds,* 217 Ga. 234, 246 (123 SE2d 115); *Bourn v. Herring,* 225 Ga. 67 (3) (166 SE2d 89). Therefore, we find that the attack on Code Ann. § 46-101 and the argument of counsel made without objection sufficiently presented the constitutional question to the trial court. The trial court specifically ruled on each and every ground thereof and this court can now consider its ruling.

2. Code Ann. § 46-101 provides: "In cases where suit shall be pending, or where judgment shall have been obtained, the plaintiff shall be entitled to the process of garnishment under the following regulations: Provided, however, no garnishment shall issue against the daily, weekly or monthly wages of any person residing in this State until after final judgment shall have been had against said defendant. . ." Code Ann. § 46-102 requires the complainant, his agent, or attorney at law to make affidavit before some officer authorized to issue an attachment, or the clerk of any court of record in which said garnishment is being filed or in which the main cause is filed, stating the amount claimed to be due in such action, or on such judgment, and that he has reason to apprehend the loss of the same or some part thereof unless process of garnishment shall issue and shall give bond, with good security, in a sum at least equal to double the amount sworn to be due, payable to the defendant in the suit or judgment, as the case may be, conditioned to pay said defendant all costs and damages that he may sustain in consequence of suing out said garnishment, in the event that the complainant shall fail to recover in the suit, or it shall appear that the amount sworn to be due on such judgment was not due; or that the property or money sought to be garnished was not subject to process of garnishment. Code Ann. § 46-105 provides for the summons of garnishment directed to the garnishee, the service, bond and subsequent proceedings. Ga. L. 1962, pp. 717, 718; 1964, pp. 220, 221.

After garnishment has been issued, the defendant may dissolve the garnishment by filing a bond. Code § 46-401.

The appellant contends that the Georgia garnishment statute is unconstitutional because it does not provide the debtor with notice and an opportunity to be heard before his property is

taken. It argues that Sniadach v. Family Finance Corp., 395 U. S. 337 (89 SC 1820, 23 LE2d 349) requires such a holding.

In Sniadach the Supreme Court of the United States (p. 340) held: "A procedural rule that may satisfy due process for attachments in general, see McKay v. McInnes, 279 U. S. 820 [49 SC 344, 73 LE 975], does not necessarily satisfy procedural due process in every case. The fact that a procedure would pass muster under a feudal regime does not mean it gives necessary protection to all property in its modern forms. *We deal here with wages—a specialized type of property* presenting distinct problems in our economic system. We turn then to the nature of *that* property and problems of procedural due process." (Emphasis supplied.)

"McKay was but a one sentence per curiam upon affirming the judgment of the Supreme Court of Maine, viz., McInnes v. McKay, 127 Me. 110 (141 A 699) (1928). The Maine court's opinion was a positive rejection of the view that attachment (which as the opinion indicates, could be equated with garnishment) constitutes an unconstitutional deprivation of property without due process of law. The Maine court recognized the obviously drastic character of attachment in the manner in which it interferes with the incidents of ownership prior to any judgment on the plaintiff's claim having been made, but held that the deprivation of that 'property' was not 'the deprivation of property' contemplated by the Constitution. And if it be, it is not deprivation without 'due process of law' for it is a part of a process, which during its proceeding gives notice and opportunity for hearing and judgment. . . 141 A. at 702." American Olean Tile Co. v. Zimmerman, 317 FSupp. 150, 151 (USDC Hawaii 1970).

In Georgia the writ of garnishment is ancillary to the main action pending between the plaintiff and the defendant. *Dent v. Dent,* 118 Ga. 853 (1) (45 SE 680). "The plaintiff shall not have judgment against the garnishee until he shall have obtained judgment against the defendant." Code § 46-405. "The effect of the writ of garnishment is, therefore, to impound any asset or property of defendant which is found in the hands of the garnishee pending the resolution of the merits of the garnisher's claim. The writ itself constitutes, at most, a lis pendens notice that a right to perfect a lien on the garnisheed property exists, but such perfection must await judicial action." Kuffel v. United States, 103 Ariz. 321, 325 (441 P2d 771).

It follows that the Sniadach decision would indicate that the Supreme Court did nothing more than carve out an exception for

wage earners from what the court deemed to be otherwise lawful prejudgment seizures, i. e., that garnishment of wages was a limited exception to the general rule of legality of garnishment statutes.

*Blocker v. Blackburn,* 228 Ga. 285 (185 SE2d 56) which held that Georgia's distress warrant proceedings were unconstitutional and *Hall v. Stone,* 229 Ga. 96 (189 SE2d 403) which held that Georgia's bail trover statute was unconstitutional are not controlling here. In those cases, the property was seized without any notice to the owner.

This court is not alone in limiting the reach of the Sniadach decision to wages. See Roofing Wholesale Co. v. Palmer, 108 Ariz. 508 (502 P2d 1327); American Olean Tile Co. v. Zimmerman, 317 FSupp. 150, supra; Black Watch Farms v. Dick, 323 FSupp. 100 (USDC Conn. 1971).

Other courts have come to an opposite rule. See Larson v. Fetherston, 44 Wis. 2d 712 (172 NW2d 20); Jones Press v. Motor Travel Services, 286 Minn. 205 (176 NW2d 87); Randone v. Appellate Dept. of Superior Court, 5 Cal. 3d 536 (488 P2d 13, 96 Cal. Reptr. 709).

*Judgment affirmed. All the Justices concur, except Mobley, C. J., Grice, P. J., and Nichols, J., who concur specially because of the ruling in Division 1.*

ARGUED SEPTEMBER 11, 1973 — DECIDED OCTOBER 4, 1973 — REHEARING DENIED OCTOBER 25, 1973.

*Mitchell, Mitchell, Coppedge & Boyett, Samuel J. Brantley,* for appellant.

*H. E. Kinney,* for appellees.

GRICE, Presiding Justice, concurring specially. I am in full accord with everything stated in the opinion except Division 1, as to making a constitutional attack.

While the law of the case has been established as to the sufficiency of the attacks made here by virtue of *North Ga. Finishing v. Di-Chem,* 230 Ga. 623 (198 SE2d 284), I desire to take this opportunity to express some views that I have on the subject.

Requirements for attacking the constitutionality of a statute have been in force for many years in this state. The following statement of them should suffice.

"In order to raise a question as to the constitutionality of a 'law' . . . at least three things must always be shown: (1) the statute or

part of a statute which the party would challenge must be stated, or pointed out with fair precision; (2) the provision of the Constitution which it is claimed has been violated must also be clearly designated; and (3) it must be shown wherein the statute violates such constitutional provision. [Cits.]" *Stegall v. Southwest Ga. Housing Authority,* 197 Ga. 571, 582 (30 SE2d 196).

There is indeed a solid reason for these requirements. It has been well put. "Since a statute is presumed to be valid and constitutional until the contrary appears, and can not be lawfully set aside by the courts unless the alleged conflict with the Constitution is plain and palpable, the burden is upon any party who assails it to present his attack in clear and definite terms, in order to call forth judicial action concerning it. In so grave or important a matter as declaring invalid an act of a co-ordinate department of government, the courts will not act upon vague and uncertain charges, and should decline to do so unless and until a clear and specific contention or question is presented for determination. [Cits.]." *Abel v. State,* 190 Ga. 651, 654 (10 SE2d 198).

Accordingly, on many occasions this court has refused to consider attacks which do not measure up to these requirements.

As I view this record, the motion to dismiss the garnishment fails to set forth or point out with fair precision the *statute* which is challenged.

This court has consistently held that mere designation of "Georgia Code Annotated," or the like, without reference to the statute itself, is not sufficient. There has been no legislative enactment officially adopting such code as law. Therefore it does not have the legal effect of a statute.

In *Bowen v. State,* 215 Ga. 471 (111 SE2d 44) it was sought to attack the constitutionality of "subparagraph (a) of Code (Ann.) § 68-1626." However this court held as follows: "The attempt thus to attack the constitutionality of subparagraph (a) of Code (Ann.) § 68-1626 is futile, since there is no such paragraph and section in the official Code of 1933. Such subparagraph and such section have never become law in consequence of any necessary and required adopting or enacting legislative action. Hence, any decision rendered by this court at this time respecting the validity or the invalidity of subparagraph (a) of Code (Ann.) § 68-1626 would in no way affect the act from which these provisions were taken and placed in an unofficial annotated Code, which a publishing company in the City of Atlanta compiled for distribution and sale."

In *Widemon v. Burson,* 224 Ga. 665 (164 SE2d 128), each

enumeration of error complained of failing to declare a section of the Annotated Code unconstitutional. This court held that "Any ruling upon the constitutionality of a section of the Annotated Code, which has never been adopted by the General Assembly, an essential necessary for it to become law, would in no wise affect the Act of the General Assembly from which the section of the Annotated Code was taken."

In *Turk v. State Hwy. Dept.,* 226 Ga. 245, 246 (174 SE2d 791), the attack was made upon "section 36-1307 Ga. Code Ann." This court held that this designation was not sufficient.

See also, *Morgan v. Todd,* 214 Ga. 497, 499 (106 SE2d 37); *Holmes v. State,* 224 Ga. 553, 558 (163 SE2d 803); *Cox v. Burson,* 226 Ga. 13 (2) (172 SE2d 406).

These unreversed unanimous decisions of this court are binding precedents which should have been adhered to in the disposition of this matter.

This court has spoken many times on the effect of unanimous unreversed decisions. In *Crown Laundry v. Burch,* 205 Ga. 211, 212 (53 SE2d 116), referring to three such decisions, Mr. Justice Candler speaking on behalf of the full-court declared: "Those cases are unquestionably authority for the ruling complained of; and the three cases from this court are all full-bench decisions which have not been overruled or materially modified, and since they are not in conflict with any of our older decisions, they are binding upon us and must be followed. There is no request to review and overrule those decisions in the manner prescribed by law (Code, § 6-1611), and so long as they are permitted to stand they have the *force and effect of a statute* and are controlling on the question there decided." (Emphasis supplied.) See also *Hagan v. Asa G. Candler, Inc.,* 189 Ga. 250, 258 (5 SE2d 739, 126 ALR 108).

Reference to "Georgia Code Annotated" has been for mere convenience and aid in locating the law of this state and when it has been accompanied by citation to the statute enacted by the General Assembly there has been no problem. But here no such accompanying reference is made. The citation is only "Georgia Code Annotated § 46-101." With due regard for the high quality of the codal publication involved here, we must conclude that reference to it alone does not constitute a legal citation. We cannot take judicial notice of it.

These requirements for attacking a statute were not done away with by the Civil Practice Act (Ga. L. 1966, p. 609 as amended; Code Ann. § 81A-101 et seq.) or the Appellate Practice Act (Ga. L. 1965,

p. 18, as amended; Code Ann. § 6-701 et seq.)

Rather, without exception, they have been reaffirmed in many cases of this court decided after the passage of these Acts, as is shown in the cases cited hereinbefore. Significantly, in none of such cases are those Acts ever mentioned.

There is no language in the Civil Practice Act which gives any support to the contention that it abrogated the requirements for challenging the constitutionality of a statute. None is forthcoming from Section 1 of that Act (Ga. L. 1966, pp. 609, 610; Code Ann. § 81A-101) to the effect that it governs procedure in all courts of record in all civil suits, with a noted exception, or from the provision which recites that the Act "shall be construed to secure the just, speedy and inexpensive determination of every action." I approve of these objectives but the Act does not change the law involved here.

Furthermore, the concept of notice *pleading* derived from Section 8 of the Civil Practice Act and exemplified by such cases as *Bourn v. Herring,* 225 Ga. 67 (3) (166 SE2d 89) and *Harper v. DeFreitas,* 117 Ga. App. 236, 238 (160 SE2d 260) is not applicable here. This is because a *motion* is not a pleading within the purview of the Civil Practice Act.

In this regard, Section 7 of that Act (Ga. L. 1966, pp. 609, 618; 1967, pp. 226, 230; Code Ann. § 81A-107) makes a clear distinction.

Subsection (a) of that section is headed "Pleadings," and enumerates specifically what pleadings are allowed, making no reference whatever to *motions.*

On the other hand, subsection (b) is headed "Motions and other papers," and in material part provides as follows: "(1) An application to the court for an order shall be made by motion which . . . shall state *with particularity* the grounds therefor . . . (2) The rules applicable to captions, signing, and all other matters of *form* of pleadings apply to all motions and other papers provided for by this Title." (Emphasis supplied.)

This last provision, as to "matters of form," obviously does not relate to the content of the attacks made upon the constitutionality of a statute, as called for by the requirements set forth previously in this opinion.

It is significant that Section 7 (b) (1) requires that the grounds of motions be stated with *particularity.* Here the motion to dismiss the garnishment did not do so.

Thus, as I apprise the situation, nothing in the Civil Practice Act abrogates the aforementioned requirements for attacking the

validity of a statute.

Likewise, there is no provision in the Appellate Practice Act (Ga. L. 1965, p. 18; Code Ann. § 6-701 et seq.) which does so. Section 23 (Ga. L. 1965, pp. 18, 40; Code Ann. § 6-905), which declares in substance that the Act is intended to provide a new appellate procedure, and should be liberally construed to bring about a decision on the merits to avoid dismissal of appeals except as specifically referred to therein, has my full support. However, it has nothing to do with the requirements of making a proper attack upon the constitutionality of a statute.

As I view it, there is no merit in the contention that the plaintiff's failure to object in the trial court to the content of the defendant's grounds for dismissal of the garnishment proceeding and the argument on certain cases resulted in a waiver of its right to challenge now the rules for attacking the validity of the garnishment statute. As stressed in this concurring opinion these are well established requirements for making such attacks. The burden is upon the party making the attacks to do so properly. It was not carried here.

I am authorized to state that Chief Justice Mobley and Justice Nichols join me in this special concurrence.