**MORROW ELECTRIC COMPANY, INC.**

v.

**Harold R. CRUSE, d/b/a Southwest Electric Supply Co., et al.**

**Civ. A. No. 19008.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Jan. 28, 1974.

J. Stephen Clifford, Davis & Clifford, Atlanta, Ga., for plaintiff.

John R. McCannon, Jonesboro, Ga., G. Roger Land, Arthur K. Bolton, Atty. Gen., H. Andrew Owen, Jr., Asst. Atty. Gen., Atlanta, Ga., for defendant.

Before BELL, Circuit Judge, and EDENFIELD and FREEMAN, District Judges.

## ORDER

RICHARD C. FREEMAN, District Judge:

This is a civil rights action brought by a corporate plaintiff under 42 U.S.C. § 1983 and its jurisdictional counterpart, 28 U.S.C. § 1343(3), to declare unconstitutional and enjoin the enforcement of the Georgia statutory garnishment scheme as set out at Ga.Code Ann. §§ 46–101, 46–102, and 46–401. (See Appendix). Plaintiff contends that this scheme violates the Due Process Clause of the Fourteenth Amendment because it has effectively deprived plaintiff of the use of its property—specifically, a bank account set aside for payment of state and federal employee withholding taxes —without prior notice or an opportunity for a prior hearing. Plaintiff has also requested actual and punitive damages against all defendants. As the complaint seeks to enjoin the defendant Joe B. Mundy, in his capacity as Clerk of

the State Court of Clayton County, Georgia, from enforcing these provisions, a three-judge court has been convened in accordance with 28 U.S.C. § 2281. A hearing before this court on plaintiff's motion for a preliminary and permanent injunction was held on November 26, 1973. That motion is presently before the court. After today's order, the only matter remaining for consideration will be the issue of damages.

## FACTUAL BACKGROUND

The basic facts in this action are not in dispute. The defendant Harold R. Cruse, d/b/a Southwest Electric Supply Co. (hereinafter "Cruse") is in the business of supplying contractors with various construction materials. Plaintiff Morrow Electric Company, Inc. (hereinafter "Morrow") is a Georgia corporation in the electrical contracting business. On July 30, 1973, the defendant Cruse filed a civil action against Morrow in the State Court of Clayton County, Georgia, to recover an alleged debt of $12,755.17 for goods and services rendered. On August 2, Cruse and the Insurance Company of North America (not a party to this action) executed a Bond for Garnishment, pursuant to Ga. Code Ann. § 46–102. On August 8, defendant G. Roger Land, Cruse's attorney, executed an affidavit before the Deputy Clerk, Superior Court of Fulton County, which stated the amount of Morrow's alleged indebtedness to Cruse (including an amount for attorney fees), and referred to the pendency of the action in the State Court of Clayton County. Both the bond and affidavit were prepared on a standard form provided by the State Court of Clayton County.

On August 9, agents of the defendant Joe B. Mundy, Clerk of the State Court of Clayton County, served summons of garnishment upon the Bank of Forest Park, 1066 Main Street, Forest Park, Georgia, at which plaintiff maintains an account. The bank in turn notified plaintiff that its account had been garnished, and on September 11 paid $15,028.17 into the registry of the State Court of Clayton County. This sum had been deposited by plaintiff to pay, among other things, various federal and state employment taxes. Checks previously written on this fund which had been sent to the appropriate revenue agencies were consequently returned for insufficient funds. Plaintiff does not have additional funds with which to pay its tax liabilities or to obtain the collateral required by Ga.Code Ann. § 46–401 to dissolve the garnishment. As a consequence, its operating assets are subject to seizure by the United States or the State of Georgia.

## THE STATUTORY GARNISHMENT SCHEME

Subject to some qualification, the Georgia statutory garnishment scheme under attack is summarized as follows. The process of garnishment is available as a remedy to a plaintiff in a pending civil action. Ga.Code Ann. § 46–101. In order to use this process, the plaintiff or his attorney must make an affidavit "before some officer authorized to issue an attachment" stating the amount allegedly due and his belief that unless garnishment issues, the sum will be lost. In addition, he must furnish a secured bond payable to the defendant in the pending action equal to double the amount of the claimed indebtedness. The purpose of the bond is to indemnify the defendant for damages resulting from the garnishment if plaintiff eventually loses the pending action or the money was not subject to garnishment. Ga.Code Ann. § 46–102. The defendant may dissolve the garnishment by filing a secured bond payable to the plaintiff and conditioned on the payment of any judgment in plaintiff's favor. Ga.Code Ann. § 46–401.

## THE CONSTITUTIONAL ISSUE

Plaintiff has based its case upon Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969) and Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972). When read together, these two

cases set forth a constitutional requirement that if due process standards are to be met, notice and hearing, aimed at establishing the probable validity of the creditor's claim, must be afforded the alleged debtor before he is deprived of the use of his property. See, Mason v. Garris and Allen v. Rosser, consolidated at 360 F.Supp. 420, 423 (N.D.Ga.1973) (three-judge court). The *Sniadach* and *Fuentes* courts recognized that in certain "extraordinary situations" postponement of notice and an opportunity for a hearing would be justified, but required that the statute authorizing such summary seizure be "narrowly drawn" to meet those unusual circumstances. Sniadach v. Family Finance Corp., *supra,* 395 U.S. at 339, 89 S.Ct. 1820; Fuentes v. Shevin, *supra,* 407 U.S. at 90–93, 92 S.Ct. 1983.

In addition, *Fuentes* also partially answered the question left open in *Sniadach* as to what types of property were entitled to due process protection. *Sniadach* had involved pre-judgment garnishment of wages, and there was some doubt as to whether its holding was limited to such specialized types of property as wages. The *Fuentes* court refused to read *Sniadach* so narrowly, and concluded:

> No doubt, there may be many gradations in the "importance" or "necessity" of various consumer goods. Stoves could be compared to television sets, or beds could be compared to television sets, or beds could be compared to tables. But·if the root principle of procedural due process is to be applied with objectivity, it cannot rest on such distinctions. The Fourteenth Amendment speaks of "property" generally.

407 U.S. at 89–90, 92 S.Ct. at 1999. Although *Fuentes* itself involved the seizure of such items as a stove and a stereo, the thrust of its reasoning does not stop at consumer goods and would appear to extend to any property interest which cannot be considered *de minimus.*

The present case involves the garnishment of a bank account maintained by a corporate employer to pay the state and federal withholding and F.I.C.A. taxes of its employees. The Georgia statutes which authorize garnishment of bank accounts have previously come under attack in this district. In Aaron v. Clark, 342 F.Supp. 898 (N.D.Ga., May 4, 1972), a three-judge court held unconstitutional those provisions of Ga.Code Ann. §§ 46–101 and 46–102 which permitted prejudgment garnishment of funds set aside in a bank account for college tuition. The court, citing *Sniadach,* was quite careful to limit its holding to the type of funds deposited in the bank account—that is, money for college tuition —because such funds were a specialized type of property whose deprivation would impose a great hardship on the alleged debtor. The court held the garnishment of such funds to be unconstitutional because the statutes provided no opportunity for prior notice and hearing, and did not restrict their summary seizure to extraordinary situations. In addition, the court concluded that the availability to the debtor of a bond to dissolve the garnishment, pursuant to Ga.Code Ann. § 46–402, was not a substitute for prior notice and an opportunity to be heard.

Aaron v. Clark was decided a month before *Fuentes.* It is clear that the only factor that prevented the three-judge court from declaring sections 46–101 and 46–102 to be unconstitutional as they relate to all pre-judgment garnishments was the type of property interest involved. Since *Fuentes,* this type of analysis is unwarranted, because the type of property seized is no longer relevant to a determination of whether due process rights should obtain.

■ Defendants nevertheless argue that *Fuentes* should not apply in a more commercial setting, where creditor and debtor normally bargain from more equal positions, and where there is a substantial risk that the corporate debtor may be dissolved in an attempt to

avoid payment of any judgment rendered against it. Defendants contend that plaintiff's inability to post a dissolution bond indicates that it is on the verge of financial collapse and urge that the facts of this case are sufficiently extraordinary as to warrant an exception to the due process requirement of notice and hearing.

■ The court feels that this argument is without merit because, as noted above, both *Sniadach* and *Fuentes* require that the statute authorizing summary seizure be narrowly drawn to meet extraordinary situations, regardless of whether the facts of a particular case are extraordinary. As noted by the court in Aaron v. Clark, *supra,* sections 46–101 and 46–102 are not so narrowly drawn. Furthermore, it is not clear that all the equities in this case are on the side of the defendants. The economic impact of even a temporary deprivation of the bank account in question could be quite severe should it result in the seizure of the plaintiff's operating assets. Moreover, it is well-settled that corporations are "persons" within the meaning of the Fourteenth Amendment and have standing to assert due process violations. See, Grosjean v. American Press Co., 297 U.S. 233, 56 S.Ct. 444, 80 L.Ed. 660 (1936).

■ The final matter for consideration today is the contention by the State of Georgia, set forth in an amicus brief submitted to this court, that the present action is barred by the anti-injunction statute, 28 U.S.C. § 2283. This argument was duly considered and rejected by this court's order of November 16, 1973, on the grounds that a civil rights action under 42 U.S.C. § 1983 was an exception to the anti-injunction statute. In its November 16 order, the court denied defendants' motion to dismiss or stay in deference to an authoritative state court interpretation of the statutes in question. It now appears that such an authoritative interpretation has been rendered in North Georgia Finishing, Inc. v. Di-Chem, Inc., 231 Ga. 260, 201 S.E.2d 321 (1973), thereby vitiating any argument urging abstention in favor of the state courts.

In North Georgia Finishing, Inc. v. Di-Chem, Inc., *supra,* the Georgia Supreme Court interpreted the garnishment statutes and upheld pre-judgment garnishment as constitutional. Without referring to *Fuentes,* the Court reasoned that *Sniadach* "did nothing more than carve out an exception for wage earners from what the court deemed to be otherwise lawful prejudgment seizures, i. e., that garnishment of wages was a limited exception to the general rule of legality of garnishment statutes." 231 Ga. at 263–264, 201 S.E.2d at 323. Although we are reluctant to disagree with our brethren on the Supreme Court of Georgia, the clear import of *Fuentes* leaves us with no other choice but to reach a contrary conclusion.

■ Accordingly, we hereby declare that those provisions of Ga.Code Ann. §§ 46–101, 46–102, and 46–401 which permit pre-judgment garnishment are unconstitutional in that they violate the Fourteenth Amendment by depriving plaintiff of property without due process of law. Defendants are therefore permanently enjoined from implementing or enforcing in any manner those provisions of Ga.Code Ann. §§ 46–101, 46–102, and 46–401, which permit pre-judgment garnishment.

Should plaintiff desire to pursue further its prayer for damages, it is directed to do so by filing with Judge Freeman's court its Notice of Intention within fifteen (15) days of this order.

It is so ordered.

## APPENDIX

46–101. **Right to writ; wages exempt until after final judgment.**—

In cases where suit shall be pending, or where judgment shall have been obtained, the plaintiff shall be entitled to the process of garnishment under the following regulations: Provided, however, no garnishment shall issue against the daily, weekly or monthly wages of

any person residing in this State until after final judgment shall have been had against said defendant: Provided, further, that the wages of a share cropper shall also be exempt from garnishment until after final judgment shall have been had against said share cropper: Provided, further, that nothing in this section shall be construed as abridging the right of garnishment in attachment before judgment is obtained. (Act 1822, Cobb, 77. Acts 1855–6, p. 36; 1933, p. 35; 1952, p. 153.)

46–102. Affidavit; necessity and contents. Bond.—

The plaintiff, his agent, or attorney at law shall make affidavit before some officer authorized to issue an attachment, or the clerk of any court of record in which the said garnishment is being filed or in which the main case is filed, stating the amount claimed to be due in such action, or on such judgment, and that he has reason to apprehend the loss of the same or some part thereof unless process of garnishment shall issue, and shall give bond, with good security, in a sum at least equal to double the amount sworn to be due, payable to the defendant in the suit or judgment, as the case may be, conditioned to pay said defendant all costs and damages that he may sustain in consequence of suing out said garnishment, in the event that the plaintiff shall fail to recover in the suit, or it shall appear that the amount sworn to be due on such judgment was not due, or that the property or money sought to be garnished was not subject to process of garnishment. No person shall be taken as security on the bond who is an attorney for the plaintiff or a nonresident unless the nonresident is possessed of real estate in the county where the garnishment issues of the value of the amount of such bond. (Act 1822, Cobb, 77. Acts 1855–6, p. 36; 1873, p. 29; 1884–5, p. 54; 1964, p. 220.)

46–401. Dissolution of garnishments; bond; judgment on bond.—

When garnishment shall have been issued, the defendant may dissolve such garnishment upon filing in the clerk's office of the court, or with the justice of the peace, where suit is pending or judgment was obtained, a bond with good security, payable to the plaintiff; conditioned for the payment of any judgment that shall be rendered on said garnishment. The plaintiff may enter up judgment upon such bond against the principal and securities, as judgment may be entered against securities upon appeal, whenever said plaintiff shall obtain the judgment of the court against the property or funds against which garnishment shall have been issued. (Acts 1884–5, p. 96.)