# Charleston.

THE CHILICOTHE OIL COMPANY *vs.* JAMES N. HALL *et al.*

January Term, 1871.

No decree can be had against a party who is summoned as a garnishee in a suit in chancery, who is not made a party to the suit, and who does not appear and answer.

This cause came from Wirt county.   The bill of injunction was filed at July rules, 1868, and the decree dissolving the same was rendered in November, 1869.

The point on which the cause was decided, appears in Judge Maxwell's opinion.

The plaintiff appealed to this court.

Hon. Geo. H. Loomis, judge of the circuit court of Wirt county, presided on the hearing of the cause.

*Sands* for the appellant.

The appellant insists that said decree was erroneous, and that the decree of March term, 1868, should have been set aside and annulled, so far as the same affects this appellant; because, this appellant was not made a party to said cause of *Hall* v. *Rittenhouse*, and there was no power in the court below to make a decree affecting its rights or interests.

Formerly it was the rule that none are defendants against whom process is not prayed.   In this State, and some others, the subpœna issues as a matter of course, and usually precedes the filing of the bill, but unless the plaintiff, either in

the prayer for process, or by allegations in the bill, designates those who are made defendants, the error is fatal. The bill must state which of the parties named in it are defendants. 1 Daniel's Ch. P., p. 284; 2 Robinson's Pr., p. 290; *Elmendorf* v. *Delancy*, 1 Hopkins' Ch. R., p. 555, and other cases there cited.

It is even error to decree *in favor* of a person not a party to the cause. *Turner* v. *Turner's adm'rs*, 1 Grattan, page 4; See also *Sheppard's ex'ors* v. *Starke*, 3 Munf., p. 29; *Currington* v. *Diddies*, 8 Grattan, p. 260; *Bank of Virginia* v. *Craige*, 6 Leigh, 399.

The attachment law, sec. 11, chap. 151, Code of Virginia, edition of 1860, provides, that the person designated as being indebted to the person against whom the claim is, shall be a defendant.

*Stanton & Allison* and *Edmiston* for the appellees.

One complaint in the bill is, that the appellant (the garnishee) was not made a party defendant to the bill of the appellee. We think there was no error in this. Under the law of this State, a creditor of a non resident defendant may be made a defendant to an attachment proceeding in chancery, but he is not a necessary party defendant. He may be garnisheed in the same manner as though the suit was at law, as was done in this cause. We claim this from a construction of the entire chapter on attachments, but it is not free from doubt, and if we are wrong, we claim the decree was not void. The court had jurisdiction over Rittenhouse and his estate, and the garnishee being summoned, should have made the objection in that case.

It is also alleged, that no notice was given the appellant that a decree was sought against him.

A garnishee is bound to watch his interests in the case, and to know what orders are made therein. They did not answer, and the evidence satisfying the court as to the indebtedness of the garnishee, the order was therefore made. But if any objection could be made by the garnishee to this

finding of indebtedness, it was removed by the subsequent decree of the court below; made August 20th, 1869.

By this decree the court simply declared the attachment effected a lien upon any money or property or funds of defendant Rittenhouse, in hands of the oil company, which was bound to answer, and the cause was continued for testimony as to the amount. It cannot be claimed that the appellant was not bound to know of the subsequent orders.

MAXWELL, J. James N. Hall filed his bill, and sued out an attachment in equity, under the 11th section of chapter 151, Code of Virginia, page 648, to recover a debt which he claimed to be due him from William Rittenhouse, an alleged non resident of the State.

The bill alleges that Rittenhouse was indebted to the complainant a certain sum named in the bill, and alleges that The Chilicothe Oil Company was garnisheed, as being indebted to Rittenhouse, but the said company was not made a party defendant to the bill. Such proceedings were had in the cause as that a decree was rendered in favor of the complainant, against Rittenhouse, for 710 dollars and 12 cents, with interest and costs. And it was further ordered in the same decree that the complainant recover the same from The Chilicothe Oil Company, and that he have execution therefor, which execution afterwards issued, and was levied by the sheriff on the property of the said company. After the execution was so levied, The Chilicothe Oil Company obtained an injunction to restrain and perpetually enjoin the said sheriff from selling under the same, and praying that the said decree might be reviewed, and so much of it set aside as applies to the said company. When the cause was heard, a decree was rendered affirming the decree rendered in the case of *Hall* v. *Rittenhouse*, and dissolving the injunction and dismissing the bill in this cause; and this is the decree appealed from.

Several causes of error are assigned, but it is unnecessary to consider any of them except the one which suggests that

VOL. IV. 45

it was irregular to render a decree against the appellant in the case of *Hall* v. *Rittenhouse*, when it was not a party to said suit. It would be useless to waste time to attempt an argument, or to cite authority to prove that a decree rendered in a suit in chancery against a party not before the court, is a nullity.

The decree complained of will therefore have to be reversed, with costs to the appellant; and this court should enter a decree reinstating the injunction, and set aside the decree in the case of *Hall* v. *Rittenhouse*, so far as it is against the appellant, and perpetually enjoin all further proceedings, on any execution sued out against the appellant on the said decree.

The other judges concurred.

JUDGMENT AFFIRMED.