# CHARLESTON.

CRANE v. STANDARD LUMBER & MFG. CO. *et als.*

Submitted February 8, 1916.    Decided February 15, 1916.

1. GARNISHMENT—*Notice of Attachment—Effect of Service—Right Against Garnishee.*
   Service of notice of attachment upon a garnishee gives plaintiff a lien upon the debt owing by the garnishee to defendant, but not any greater right against him than the defendant had; the character of the garnishee's obligation is not changed unless there is a personal judgment or decree against him. (p. 619).

2. SAME—*Decree—Liability of Garnishee.*
   A decree in favor of plaintiff in such suit, against defendant for his debt, finding that it is a lien on the debt garnisheed, but not decreeing that plaintiff recover it, or that the garnishee pay it to him, is not a decree for money against the garnishee. (p. 619).

Appeal from Circuit Court, Clay County.

Suit by F. W. Crane and others against the Standard Lumber & Manufacturing Company and others. From the decree, F. L. Wilmoth and another, partners as H. J. Wilmoth & Sons, defendants, appeal.

*Affirmed.*

*Conley & Johnson,* for appellants.

*Chilton, MacCorkle & Chilton, B. C. Eakle, Alexander & McCabe* and *R. Kemp Morton,* for appellees.

WILLIAMS, PRESIDENT:

By this appeal F. L. and Alfred Wilmoth, partners doing business as H. J. Wilmoth & Sons, seek reversal of a decree of the circuit court of Clay county, made on the 23rd day of June, 1915, denying the effect of a lien upon the property of the Standard Lumber & Manufacturing Company, to a money decree for $4,770.72 and costs, rendered in their favor by the circuit court of Kanawha county, in an attachment suit in equity, brought by them against the Brushy Run Lumber Company, a corporation, and the aforesaid company, also a corporation, as its debtor. The Standard Lumber & Manufacturing Company was served with notice of the attachment on the 14th of November, 1913, and answered admitting it owed plaintiffs' debtor $7,000.00; and on the 19th of December, 1914, a decree was rendered in favor of plaintiffs against the principal debtor, but not against the garnishee, for the sum of $4,770.72. Plaintiffs took no decree against the garnishee; it was not ordered to pay any sum of money to them. The decree relating to the garnishee is as follows: "It is therefore adjudged, ordered, and decreed that plaintiff's attachment herein is a valid and subsisting lien in favor of the plaintiffs upon any property, money or credits in the possession of said The Standard Lumber & Manufacturing Company at the time of the service of said attachment, which belonged to said Brushy Run Lumber Company or were *owned* by said The Standard Lumber & Manufacturing Company to said Brushy Run Lumber Company either at the time of the service of said order of attachment or that so came into the hands of or were so *owned* by said The Standard Lumber & Manufacturing Company at any time after the service of said order of attachment, to an amount of sufficient to pay the debt and cost hereinbefore decreed in favor of Plaintiffs against said Brushy Run Lumber Company including the costs of said attachment."

Pending that suit, and before the aforesaid decree was made, this present suit was brought in Clay county, against

the garnishee, and a receiver was appointed to take charge of its property. The decree authorized Wilmoth & Sons to take such steps in the Clay county suit as were lawful and proper for the enforcement of their lien. They filed a copy of the decree with the commissioner in chancery, to whom the cause had been referred to ascertain and report the debts owing by the Standard Lumber & Manufacturing Company, together with their dignities and priorities. Its numerous debts, which amounted to a large sum, were all reported as of a general class, except taxes and appellants' debt, which were reported as liens of first and second orders respectively. Exceptions were taken to the report because of the allowance of appellants' debt as a lien, both by defendant and the receiver. The court sustained the exceptions, denied appellants' debt the dignity of a lien and decreed its recovery as a debt of the general class; and that is the alleged error of which they complain.

No decree in the Kanawha county suit was rendered against the garnishee; that decree simply says plaintiffs have a lien upon the debt owing by it to the Brushy Run Lumber Company; the court does not order the garnishee to pay the debt, or any part of it, to plaintiffs. So far as the decree relates to the garnishee, it has no more effect than the statute itself gives to the service of garnishee process upon it; i. e., it simply declares that plaintiffs have a lien on the debt it owes to the Brushy Run Lumber Company.

Counsel insist that, by virtue of sec. 9, ch. 106, ser. sec. 4463, Code 1913, appellants acquired a lien on the property of the garnishee, from the time it was served with notice; that the service of notice or process upon a garnishee has the same effect upon him as the levy of an attachment has upon the tangible property of the debtor, and creates a priority in favor of the attaching creditor, not only against the other creditors of the principal debtor, but against the creditors of the garnishee as well. Such is not the effect of the statute. True it gives the attaching creditor a lien on the debt, owing by the garnishee, from the time he was served with a copy of the attachment, in like manner as a lien is created on the tangible property of the principal debtor, from the time the attachment is levied. But it was not intended

to make, and does not make the service of process on the garnishee a lien on anything except the chose in action, the right to demand payment of a debt. It does not give the attaching creditor any greater right against the garnishee than his creditor had at the time the notice was served. In other words, it does not elevate the debt to the dignity of a lien against the property of the garnishee, when it was not such before the process or notice was served. Garnishment is, in effect, a suit by the defendant, in the name of the plaintiff, against the garnishee, and he generally occupies toward the garnishee the same position that his debtor occupied; his rights are no higher. It is, for most purposes, a compulsory assignment of the debt, or so much as is necessary to pay plaintiffs', demand, by defendant to plaintiff, and does not alter or affect the character of the debt; it requires a judgment or decree against the garnishee to do so, and that is lacking in this case. Drake on Attachments, sec. 452; *Daniel & Co.* v. *Clark,* 38 Io. 556; and *Campbell* v. *Nesbit,* 7 Neb. 300.

The principle is well illustrated by the case of *Strong* v. *Smith,* 1 Metc. 476. There a creditor of Dinsmore Smith sought to charge one Butler as garnishee, who was administrator of the estate of John Burgess, and as such had answered that he had in hand assets belonging to Smith's wife as distrubutee of the estate, which her husband had the right to reduce to possession for his own use, and which right his creditors might also exercise. Pending the action, the husband died, and notwithstanding the lien on the chose in action, the court held that, the husband not having reduced it to possession, it survived to the wife, and defeated the lien of the attachment. Chief Justice Shaw, in the opinion, says: "We think also that the creditor of the husband had no higher or better right, than he himself had; and that the attachment created a lien only, and did not devest the wife's right of survivorship, in the event of the death of the husband before judgment."

A lien upon the debt does not make the debt a lien upon the property of the garnishee, unless and until there is a personal decree or judgment taken against him. The author-

ities cited by appellants' counsel do not sustain the proposition for which they contend.

The decree is affirmed.

*Affirmed.*