**Anna C. DUNN**

v.

**Ray GAZZOLA et al.**

**No. 4843.**

United States Court of Appeals,
First Circuit.

Nov. 9, 1954.

**710**

Isadore H. Y. Muchnick, Boston, Mass., for appellant.

Joseph H. Elcock, Jr., Asst. Atty. Gen., Massachusetts (George Fingold, Atty. Gen., Massachusetts, on the brief), for Miriam Van Waters and Elliott E. McDowell, appellees.

John W. McIntyre, Attleboro, Mass. (Pierce B. Smith and McIntyre & Henry, Attleboro, Mass., on the brief), for Ray Gazzola and Peter J. Marron, appellees.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

MAGRUDER, Chief Judge.

In an action for $100,000 damages under two provisions of the Civil Rights Act, 8 U.S.C. (1946 ed.) §§ 43, 47(3), (now 42 U.S.C.A. §§ 1983, 1985(3)) brought against a group of officials of the Commonwealth of Massachusetts and of the city of Attleboro, the district court entered judgment on February 26, 1954, dismissing the complaint as to each of the remaining defendants for failure of the plaintiff to state a claim upon which relief could be granted. The plaintiff thereupon took this appeal.

Briefly, the complaint alleges the following: That the defendant Gazzola, a sergeant of police in the city of Attleboro, notified plaintiff to appear before the Fourth District Court of Bristol County, Massachusetts, on September 29, 1949; that on that day the defendant Marron, chief of police for the city of Attleboro, presented a complaint to plaintiff informing her that she was charged with neglect of her minor children, and escorted her before the defendant, Judge Estes; that plaintiff, without being informed of her right to counsel, public trial, and proper notice, was found guilty by the defendant judge, who suspended sentence and placed plaintiff on probation for two years; that on January 31, 1950, plaintiff was taken before the same court by defendant Nerney, the court's probation officer, for alleged violation of probation, and without notice and fair hearing was committed to the custody of defendant Van Waters, superintendent of the reformatory for women in Framingham, Mass., being delivered to said reformatory by the defendant Gazzola; that the defendant McDowell, as Commissioner of Correction, with power to oversee the actions of the defendant Van Waters, failed to release the plaintiff; that on March 24, 1950, the plaintiff was released from custody as the result of a petition for a writ of habeas corpus addressed to the Superior Court for the County of Suffolk.

On December 4, 1953, the district court granted defendant Nerney's motion to dismiss for failure to state a claim upon which relief could be based, holding that this defendant was acting as a quasi-judicial officer and as such enjoyed the same immunity as a judge would in such a case. Dunn v. Estes, D.C., 117 F.Supp. 146. On February 26, 1954, the district court dismissed the complaint as to the defendant Estes without prejudice, for failure of plaintiff to effect service upon him. No appeal is taken from these dismissals, and only the dismissals as to the defendants Gazzola, Marron, Van Waters and McDowell are before this court.

On the authority of our opinion in Francis v. Lyman, 216 F.2d 583, we affirm the judgment appealed from in dismissing the complaint against the defendants Van Waters and McDowell, and against the defendant Gazzola so far as respects his act of delivering plaintiff to

the custody of the superintendent of the reformatory pursuant to the court's order of commitment.

■■ With regard to the actions of Gazzola and Marron previous to the trial, the notification by Gazzola and service of the complaint by Marron subjected the plaintiff to trial, but not to an "unfair" trial. The control of the trial was exclusively within the province of the court. Cf. Whittington v. Johnston, 5 Cir., 1953, 201 F.2d 810, 811. There is no allegation in the complaint that these defendants knew the ensuing trial would be lacking in any element of due process. Assuming that the plaintiff was not guilty of the offense charged, her subjection to the necessity of having to stand trial on an unfounded charge did not alone constitute a deprivation of any right, etc., secured by the Constitution of the United States. Other allegations against the officers with regard to their failure to give proper notice of trial or to advise the plaintiff of her right to counsel are even more frivolous; the court, not the arresting officers, has the duty to give an accused whatever notice and whatever advice are required.

■ As to the purely formal effort in the complaint to invoke the conspiracy provisions of 8 U.S.C. (1946 ed.) § 47(3), (now 42 U.S.C.A. § 1985(3)) the only provisions of that section of the old Civil Rights Act conceivably appropriate to this case are:

> "If two or more persons in any State * * * conspire * * * for the purpose of depriving, either directly or indirectly, any person * * * of the equal protection of the laws, or of equal privileges and immunities under the laws; * * * [and] if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators."

The district court observed, in dismissing the plaintiff's complaint against the probation officer, Dunn v. Estes, supra, 117 F.Supp. 146, 148, note 2, that no facts alleged in the complaint would furnish any foundation for a claim that the defendants, or any of them, had as their purpose to deprive the plaintiff of the equal protection of the laws. See the cases cited therein; also Snowden v. Hughes, 1944, 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497; Everlasting Development Corp. v. Sol Luis Descartes, 1 Cir., 1951, 192 F.2d 1, 7, certiorari denied 1952, 342 U.S. 954, 72 S.Ct. 626, 96 L.Ed. 709. Nor is there any fact alleged indicating that the purpose of the defendants was to deprive the plaintiff of equal privileges and immunities under the laws. See Collins v. Hardyman, 1951, 341 U.S. 651, 660–661, 71 S.Ct. 937, 95 L.Ed. 1253. Plaintiff alleges unfair treatment but not that it was motivated by a discriminatory design. Section 47(3) does not give a cause of action for a conspiracy the purpose of which is to deny due process. See Bottone v. Lindsley, 10 Cir., 1948, 170 F.2d 705, 706, certiorari denied 1949, 336 U.S. 944, 69 S.Ct. 810, 93 L.Ed. 1101; Whittington v. Johnston, 5 Cir., 1953, 201 F.2d 810; see also, Collins v. Hardyman, supra, 341 U.S. at page 660, 71 S.Ct. 937. This, if anything, is what the plaintiff complains of here. Furthermore, even if such a cause of action were contemplated by § 47(3), the bare conclusionary allegation that "the defendants jointly conspired for the purpose of depriving the plaintiff of the equal protection of the laws and of her rights and privileges and immunities secured to the plaintiff by the Constitution and laws of The United States", without any support in the facts alleged, could not protect the complaint from the motion to dismiss; only material facts and not the unsupported conclusions of the pleader are considered in the light most favorable to the plaintiff. See Mc-

Guire v. Todd, 5 Cir., 1952, 198 F.2d 60, 63, certiorari denied 1952, 344 U.S. 835, 73 S.Ct. 44, 97 L.Ed. 649; Ortega v. Ragen, 7 Cir., 216 F.2d 561.

The judgment of the District Court is affirmed.