**Robert Lee McMEANS, Plaintiff,**

v.

**Louis Joseph SCHWARTZ d/b/a Joro's, Defendant.**

**Civ. A. No. 6374–70–P.**

United States District Court,
S. D. Alabama, S. D.

Sept. 16, 1971.

Robert F. Clark, Mobile, Ala., for plaintiff.

Gary P. Alidor, Mobile, Ala., for defendant.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

PITTMAN, Chief Judge.

The facts of this case are not in dispute. The defendant, claiming that the plaintiff was indebted to him, filed suit in the Mobile County Court of General Sessions. Contemporaneously, pursuant to Code of Alabama, Tit. 7, § 996 et seq. (1958), a prejudgment garnishment was taken on plaintiff's wages.

The plaintiff, arguing that his fourteenth amendment rights were violated by the issuance of the garnishment before a judgment was entered against him, brought this action. In addition to a declaration that the law is unconstitutional, plaintiff seeks money damages under 42 U.S.C.A. § 1983. Jurisdiction is founded on 28 U.S.C.A. § 1343.

## JURISDICTION

Section 1343 gives the district court original jurisdiction over suits brought to redress the deprivation of a civil right. The right allegedly deprived in the instant case is one secured by § 1983. This section provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

In order to proceed under § 1983 two things are required: (1) state action (2) which deprives plaintiff of a right secured by the Constitution of the United States. The court concludes that a right protected by the due process clause of the fourteenth amendment is abridged by the Alabama statutes in question; and, for the reasons set out below it concludes that the requisite state action is present.

Defendant argues most strenuously that its action was not state action. For this position it cites two of the cases relied on by the plaintiff for the merits, *Sniadach v. Family Finance Corp.*, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969); and, *Hall v. Garson*, 430 F.2d 430 (5th Cir. 1970). In *Hall* the Fifth Circuit held that a violation of § 1983 was alleged when a complaint said that a landlord, pursuant to a Texas landlord lien statute, entered a delinquent tenant's apartment and seized a television set. The court in reaching this result emphasized that the landlord was actually doing something ordinarily done by state officials—enforcing a lien.

There was similar direct action by the creditor in *Sniadach* which, though not a 1983 action, is instructive because state action was necessary for the court to find a violation of the fourteenth amendment. The Court held Wisconsin's prejudgment garnishment statute unconstitutional as a denial of due process. The direct participation by the creditor in that case was that the creditor's lawyer served the writ of garnishment, presumably a normal function of the sheriff or some other state officer.

Such cases as these, defendant argues, preclude jurisdiction in the instant case because no direct action by the defendant is involved. That is, the defendant merely filed suit and requested the prejudgment garnishment; the state, not the defendant, issued and served the writ. The court does not agree that the defendant is required to do some act in addition to filing suit to vest this court with § 1983 jurisdiction; federal jurisdiction should not depend on who served the writ of garnishment in the state court—the sheriff or the creditor's lawyer.[1]

A case virtually identical to *Hall, Klim v. Jones*, 315 F.Supp. 109 (N.D.Calif. 1970), upheld § 1983 jurisdiction but on grounds other than those articulated by the Fifth Circuit. The *Klim* court held that a private citizen is acting under color of state law when his action is encouraged by state law and especially when it is possible only by virtue of state law. In the instant case defendants were able to obtain a prejudgment garnishment only because of state law, therefore, they were acting under color of state law.

It does not insulate them from the consequences of their act that a state employee was the actual issuing and serving agent of the writ. Those officials were compelled to issue it when the defendant complied with the provi-

---

1. Defendant also seeks to distinguish *Sniadach* on the grounds that it was a direct appeal from the Wisconsin Supreme Court, whereas this case is actually a collateral attack. This is a distinction without a difference as far as federal jurisdiction is concerned.

sions of the Alabama Code.[2] No state official having any discretion in the matter, the responsibility for the issuance of the writ rests squarely on the creditor. Nothing in *Hall* requires a contrary conclusion. Having concluded that the defendant's action was "under color of state statute" and that such act abridged a right protected by the fourteenth amendment, it follows that this court has jurisdiction under 28 U.S.C.A. § 1343 and 42 U.S.C.A. § 1983.

## MERITS

■ The Supreme Court in *Sniadach* held Wisconsin's prejudgment garnishment law unconstitutional saying:

" * * * a prejudgment garnishment * * * may as a practical matter drive a wage-earning family to the wall. Where the taking of one's property is so obvious, it needs no extended argument to conclude that absent notice and prior hearing * * * this prejudgment garnishment procedure violates the fundamental principles of due process."

395 U.S. at 341, 342, 89 S.Ct. at 1822, 1823, 23 L.Ed.2d at 354. (Citations omitted.)

Code of Alabama, Tit. 7, §§ 996–1000 (1958) sets up the procedure for obtaining a garnishment and more importantly, for purposes of this case, the procedure for obtaining a prejudgment garnishment. In all garnishments an affidavit must be filed by the creditor affirming the amount of the debt, that the garnishee owes money to the debtor, and that the *creditor* believes garnishment to be necessary. If a prejudgment garnishment is sought the creditor must also file a bond. In the event the garnishment was wrongfully or vexatiously filed the debtor may collect damages under the bond.

The defendant urges that two features of the garnishment scheme—the requirement of an affidavit and the necessity of the bond—save the Alabama statute from violating the due process clause as interpreted by *Sniadach*. The court concludes that these two features do not save the statute. The Alabama bond requirement does nothing to alleviate the suffering caused by the garnishment. As the Supreme Court said:

" * * * in the interim [between service of the writ and final adjudication] the wage earner is deprived of his enjoyment of earned wages without any opportunity to be heard and to tender any defense he may have, whether it be fraud or otherwise."

395 U.S. at 339, 89 S.Ct. at 1821, 23 L. Ed.2d at 352. The debtor cannot live on the creditor's bond while he is waiting for the claim against him to be tried.

Similarly, the requirement of an affidavit does not save the statute. The affidavit is required in all pre- and post judgment garnishments and requires only that the creditor state that he believes a garnishment necessary. This is a far cry from the exception allowed in *Sniadach* for "extraordinary situations." 395 U.S. at 339, 89 S.Ct. at 1821, 23 L.Ed.2d at 352.

■ Based on the foregoing, it is ordered, adjudged, and decreed that the plaintiff's motion for summary judgment as to defendant's liability under 42 U.S. C.A. § 1983 is granted.

It is further declared that Code of Alabama, Tit. 7, §§ 996–1000 is in violation of the fourteenth amendment to the United States Constitution insofar as it allows garnishments to be issued prior to a final judgment unless there is a showing that such garnishment is necessary because of extraordinary circumstances.

---

2. Code of Alabama, Tit. 7, § 999 (1958) reads in part:
   "Upon the filing of the affidavit, or the affidavit and bond, as the case may be, the officer filing the same *must* issue process of garnishment * * *." (Emphasis added.)