UNION BARGE LINE CORPORATION, Plaintiff,

v.

The MARBLE CLIFF QUARRIES CO. et al., Defendants,

v.

Foster BURDETTE et al., Third-Party Defendants.

Lewis B. RAINES, Plaintiff,

v.

BURDETTE ASPHALT, INC., et al., Defendants.

RESERVE TRANSPORTATION CO., Plaintiff,

v.

BURDETTE ASPHALT, INC., et al., Defendants.

TRI-STATE MATERIALS CORP., Plaintiff,

v.

Foster BURDETTE et al., Defendants.

Civ. A. Nos. 73–17–CH, 73–108–CH, 73–69–CH and 73–132–CH.

United States District Court, S. D. West Virginia, Charleston Division.

April 24, 1974.

Paul N. Bowles, Charles M. Love, III, Stone Bowles, Kauffelt & McDavid, Charleston, W. Va., and Charles Kohlmeyer, Jr., E. Jack Green, Jr., Lemle, Kelleher, Kohlmeyer, Matthews & Schumacher, New Orleans, La., for Union Barge Line Corp.

Steven L. Miller, Kay, Casto & Chaney, Charleston, W. Va., for the Marble Cliff Quarries Co., Black Rock Contracting, Inc., Miles T. Epling Co., and Lewis B. Raines.

David D. Johnson, Charles Q. Gage, Jackson, Kelly, Holt & O'Farrell, Charleston, W. Va., for Tri-State Materials Corp.

Steven L. Miller, Kay, Casto & Chaney, Charleston, W. Va., and John C. Shepherd, Coburn, Croft, Shepherd & Herzog, St. Louis, Mo., for Reserve Transportation Co.

Charles M. Love, Jr., David A. Faber, Campbell, Love, Woodroe & Kizer, Charleston, W. Va., for The Ohio River Co.

Charles E. Hurt, Charleston, W. Va., for Burdette Asphalt, Inc., Foster Burdette, Freda B. Larch and L. G. Burdette.

## MEMORANDUM ORDER

K. K. HALL, District Judge.

The primary question presented in this case is whether the prejudgment garnishment statute in West Virginia as applied in this federal court proceeding pursuant to Rule 64, Federal Rules of Civil Procedure, violates the due process clause of the fifth amendment to the Constitution of the United States. On April 28, 1972, plaintiff[1] sued defendant in admiralty to recover for damages occasioned their property when defend-

---

1. For the sake of simplicity, the multiple plaintiffs in this action will be referred to in the singular. Likewise, the principal defend- ant, Burdette Asphalt, Inc., is the movant in this motion to quash and will be referred to as the defendant.

ant's barges broke loose from their moorings. When it came to plaintiff's attention that defendant had caused an auction sale of some of its equipment on May 19, 1973, plaintiff applied to the Clerk of this Court for an order of attachment and summons to garnishee to be issued to Thorp Sales Corporation, the auctioneering firm, which retained $9,112.02 of the proceeds of the sale.[2] Pursuant to Rule 64 of the Federal Rules of Civil Procedure and W.Va.Code Ann. § 38–7–1 et seq. (1966), the order of attachment and summons to garnishee was issued to Thorp Sales Corporation on May 31, 1973. On February 12, 1974, defendant moved to quash the garnishment, alleging that the supporting affidavit was insufficient under state law, and that the prejudgment garnishment without the benefit of a prior hearing violated its right to due process of law.

Upon consideration of the record and the briefs filed by the parties, this Court is of the opinion that plaintiff's affidavit, as amended, satisfactorily complies with requirements under state law, but that the garnishment provisions as applied in this proceeding are in violation of the due process clause of the fifth amendment to the Constitution of the United States.[3] Accordingly, the writ of attachment and summons to garnishee will be quashed.

■ Under the practice of the federal courts, the use of provisional remedies such as attachment and garnishment is governed by the applicable statutory provisions of the state in which the federal district court is sitting. Rule 64, Federal Rules of Civil Procedure. Thus, W.Va.Code Ann. § 38–7–1 et seq. (1966) provides the law to be considered in this instance. To obtain garnishment in this state a "plaintiff in attachment"[4] need only append an endorsement to the order of attachment designating the person liable to the debtor or in possession of his property. In a typical case, plaintiff files with Clerk of the Court an affidavit setting forth one or more of the grounds enumerated in the statute.[5] The en-

2. Garnishee's answer, filed December 7, 1973, and answers to interrogatories propounded by plaintiff indicate that with the exception of the $9,112.02 retained, the remaining proceeds of the sale were disbursed before the garnishment was accomplished.

3. Defendants allege a violation of their fourteenth amendment rights. Since a violation of the fourteenth amendment requires state action, the issue in this case will be discussed in terms of defendants' fifth amendment rights to due process of law. *See* Moose Lodge v. Irvis, 407 U.S. 163, 92 S.Ct. 1965, 32 L.Ed.2d 627 (1972).

4. W.Va.Code Ann. § 38–7–15 (1966) provides:

The plaintiff in an attachment may, by an indorsement on the order of attachment, designate any person as being indebted or liable to, or having in his possession, the effects of the defendant, or one of the defendants; and in such case the clerk shall make as many copies of the order as there are persons so designated, with an indorsement thereon that the person so designated is required to answer at the next term of the court in which the action or suit is pending, and disclose on oath in what sum he is indebted to the defendant, and what effects of

the defendant he has in his possession or under his control; and it shall be sufficiently levied on such person by delivering to him a copy of the order and indorsement, or by a service thereof upon him in the same manner as a notice may by law be served, or by publication as provided in article three [§ 56–3–1 et seq.], chapter fifty-six of this Code.

5. W.Va.Code Ann. § 38–7–2 (1966) provides:

The grounds upon which an order of attachment may issue, under the preceding section [§ 38–7–1], are the following: (a) That the defendant, or one of the defendants, is a foreign corporation or is a nonresident of this State; or (b) has left, or is about to leave the State, with intent to defraud his creditors; or (c) so conceals himself that a summons cannot be served upon him; or (d) is removing or is about to remove, his property, or the proceeds of the sale of his property, or a material part of such property or proceeds, out of this State, so that process of execution on a judgment or decree in such action or suit, when it is obtained, will be unavailing; or (e) is converting, or is about to convert, his property, or a material part thereof, into money or securities, with intent to defraud his creditors; or (f) has

dorsement is attached, and the order is served on the stakeholder by the sheriff, or in this case the United States Marshal. Service of the order of attachment gives the plaintiff a lien on the debt owing by the garnishee to the defendant and gives plaintiff the right to hold the garnishee liable for the value thereof. *See* Crane v. Standard Lumber Co., 77 W.Va. 617, 87 S.E. 1018 (1916). Thus, the garnishee is obligated to retain the property in his hands subject to the process served upon him, with certain exceptions.[6] If defendant or "(a)ny person entitled to defend in any attachment proceeding" denies the validity of the attachment, he is entitled to have the matter tried before a jury. W.Va. Code Ann. § 38–7–33 (1966). In the event defendant ultimately prevails, he may receive his costs and damages for unlawful attachment. W.Va.Code Ann. §§ 38–7–34 & 38–7–35 (1966).

■ Defendant first urges the Court to quash the instant garnishment because the supporting affidavit is insufficient in that it states only conclusions and fails to allege the necessary facts to support those conclusions. W. Va.Code Ann. § 38–7–32 (1966). The law is clear that "(a) statement of material facts in an affidavit for attachment must be certain and definite, in a legal point of view, so as to inform those entitled to defend the attachment what particular facts they must repel." Commonwealth Tire Co. v. Tri-State Tire Co., 193 S.E.2d 544, 549 (W.Va. 1972), *quoting*, Goodman v. Henry, 42 W.Va. 526, 26 S.E. 528 (1896). Plaintiff's amended affidavit,[7] filed March 1, 1974, alleges as grounds for the attachment that defendant "was converting, or had converted or was about to convert property of the said L. G. Burdette and property of Burdette Asphalt, Inc., or a material part thereof into money or securities with intent to defraud their creditors." In support of that statement, the affiant asserts in considerable detail that defendant caused much of its equipment to be sold at an auction. He avers that the purchaser was an undisclosed agent of defendant, buying the equipment "in furtherance of a plan or scheme of the said L. G. Burdette to conceal material items of the personal estate of the said L. G. Burdette and of the business . . . in fraud of their creditors." Affiant further asserts that "(a)s a consequence of said sale, defendants . . . on the date of making of the original affidavit herein were removing or about to remove or had removed their property, or the proceeds of

assigned or disposed of his property or a material part thereof, or is about to do so, with intent to defraud his creditors; or (g) has property or rights in action, which he conceals; or (h) fraudulently contracted the debt or incurred the liability for which the action or suit is about to be or is brought.

6. The garnishee can, however, at any time before the return day of the garnishment order, pay the debt, or return the property to the officer having the order and be discharged from further liability. W.Va.Code Ann. § 38–7–25 (1966). Otherwise, the law requires the garnishee to "answer in writing disclosing the matters required by the indorsement on such writ . . . . ." W.Va. Code Ann. § 38–7–24 (1966). The answer is necessary to the entry of any judgment against the garnishee. Chilicothe Oil Co. v. Hall, 4 W.Va. 703 (1871). If the garnishee fails to answer the court may compel him to do so, or take evidence on the matter and

enter appropriate orders. W.Va.Code Ann. § 38–7–27 (1966). If the answer discloses a liability owing to defendant, the court may then require the garnishee to pay the debt or turn over the property. Alternatively, the garnishee may with leave of court give bond to secure the obligation. W.Va.Code Ann. § 38–7–26 (1966).

7. After defendant moved the Court to quash the garnishment, plaintiff filed an amended affidavit. W.Va.Code Ann. § 38–7–6 (1966) provides:

The affidavit required by the first section [§ 38–7–1] of this article may be amended at any time before or after the appearance of the defendant by the substitution of a new affidavit, complying with the requirements of the statute and containing allegations of facts existing at the time of making the former affidavit; and the new affidavit shall stand in lieu of the old one for all purposes.

the sale of such property or a material part of such property in its proceeds, out of this state, so that process of execution on a judgment or decree in said actions or suits, when it is obtained, will be unavailing."

In its reply brief, defendant argues that the amended affidavit is still insufficient and that the averments "although still quite general in nature, show no fraud . . . ." Defendant explains that its arrangement with the purchaser at the auction was not an agency relation, but was merely to help the purchaser obtain financing, a customary arrangement at auctions of construction equipment. Although defendant and plaintiff have obviously different interpretations of the inferences raised by the averments in the amended affidavit, it is felt that plaintiff's interpretation is sufficiently reasonable to withstand the motion to quash. At any rate, it is clear from defendant's response that they have been informed of "what particular facts they must repel." Commonwealth Tire Co. v. Tri-State Tire Co., *supra*. Therefore, the facts alleged in the affidavit are *prima facie* sufficient, and the motion to quash on that basis will be denied.

The second issue raised by defendant's motion to quash is whether the described procedure is a denial of due process of law in violation of the fifth amendment to the Constitution of the United States. Specifically, defendant argues that the lack of an opportunity for a pre-garnishment hearing violates its right to procedural due process. In support of its proposition, defendant cites Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), and Sniadach v. Family Finance Corporation of Bay View, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969). These cases represent the most current Supreme Court law on the issue, and, in the words of one commentator, "(m)ay have ultimately the same impact on Creditors' Rights and Commercial Law as the *Miranda* and *Escobedo* decisions have had on criminal law."[8]

In *Sniadach*, the Supreme Court held that a Wisconsin statute allowing pre-judgment garnishment of wages without notice or the opportunity to be heard violated the Due Process Clause. The Court noted, however, "(w)e deal here with wages—a specialized type of property presenting distinct problems in our economic systems." Sniadach v. Family

---

8. W. Hawkland, The Seed of Sniadach: Flower or Weed, 79 Case & Comment 3 (1974). With respect to only the cases construing garnishment statutes, the discovered "seed of Sniadach" to date includes:

Alabama: McMeans v. Schwartz, 330 F. Supp. 1397 (S.D.Ala.1971). Arizona: Arnold v. Knettle, 10 Ariz.App. 509, 460 P. 2d 45 (1969) (wages); Western Coach Corp. v. Shreve, 475 F.2d 754 (9th Cir. 1973) (bank account). California: McCallop v. Carberry, 1 Cal.3d 903, 83 Cal. Rptr. 666, 464 P.2d 122 (1970); Cline v. Credit Bureau of Santa Clara Valley, 1 Cal.3d 908, 83 Cal.Rptr. 669, 464 P.2d 125 (1970). Connecticut: Lynch v. Household Finance Corp., 360 F.Supp. 720 (D.C.Conn. 1973). Delaware: Osmond v. Spence, 359 F.Supp. 124 (D.Del.1972). Georgia: Reeves v. Motor Contract Company of Georgia, 324 F.Supp. 1011 (N.D.Ga.1971) (wages); Aaron v. Clark, 342 F.Supp. 898 (N.D. Ga.1972) ("specialized" property). Hawaii: Brunswick Corp. v. Galaxy Cocktail Lounge, 513 P.2d 1390, Supreme Court of Hawaii, 1973. Illinois: Scott v. Danaher, 343 F.Supp. 1272 (N.D.Ill.1972). Massachusetts: Schneider v. Margossian, 349 F.Supp. 741 (D.C.Mass.1972). Minnesota: Jones Press, Inc. v. Motor Travel Services, Inc., 286 Minn. 205, 176 N.W.2d 87 (1970). New Hampshire: Trapper Brown Construction Co. v. Electromech, 358 F.Supp. 105 (D.N.H.1973); Hampton National Bank v. Desjardius, 314 A.2d 654, Supreme Court of New Hampshire, 1974. New Mexico: Galindo v. Western States Collection Co., 82 N.M. 149, 477 P. 2d 325 (1970). Washington: Olympic Forests Products v. Chaussee Corp., 82 Wash.2d 418, 511 P.2d 1002 (1973). Wisconsin: Larson v. Fetherston, 44 Wis.2d 712, 172 N.W.2d 20 (1969).

Additionally, in West Virginia at least two other of the provisional remedies have been invalidated on the basis of *Sniadach* and *Fuentes*. *See* Straley v. Gassaway Motor Corp., 359 F.Supp. 902 (S.D.W.Va.1973) (improver's lien); State ex rel. Payne v. Walden, 190 S.E.2d 770 (W.Va.1972) (rent distress statute).

Finance Corporation, *supra,* at 340, 89 S.Ct. at 1822. Any question as to the extension of this constitutional protection to other forms of property was resolved in *Fuentes.* There, the Court invalidated the replevin statutes of Florida and Pennsylvania. The statutes in those states permitted a private creditor to obtain a writ of replevin upon *ex parte* application to a Clerk of Court and upon the posting of bond for double the value of the property, but without the opportunity for prior notice or hearing. Mr. Justice Stewart, writing for the majority, opined that except in "extraordinary situations", due process requires at a minimum that notice and a hearing be afforded before any taking, even where the creditor maintains an interest in the property. Fuentes v. Shevin, *supra,* 407 U.S. at 80, 92 S.Ct. 1983. The Court stressed that even temporary deprivations of property will not be tolerated in the interest of creditor efficiency expressed in terms of time, effort, and expense. *Id.* at 90, n. 22, 92 S.Ct. 1983. *See also,* State ex rel. Payne v. Walden, 190 S.E.2d 770, 779 (W.Va.1972).[9]

Plaintiff argues that the West Virginia statutory scheme, specifically W.Va. Code Ann. § 38–7–33 (1966), provides the debtor the right to an early hearing to contest the validity of the garnishment. They also argue that other "procedural safeguards" provided in the statutes satisfy the requirements of due process.[10] *Fuentes,* however, repudiates these arguments. It is stated at pages 81–82 of the Court's opinion, 92 S.Ct. at page 1994:

If the right to notice and a hearing is to serve its full purpose, then, it is clear that it must be granted at a time when the deprivation can still be prevented. At a later hearing, an individual's possessions can be returned to him if they were unfairly or mistakenly taken in the first place. Damages may even be awarded to him for the wrongful deprivation. But no later hearing and no damage award can undo the fact that the arbitrary taking that was subject to the right of procedural due process has already occurred. "This Court has not . . . embraced the general proposition that a wrong may be done if it can be undone." (citation omitted).

■ As noted, *Fuentes* did hold that takings without prior notice or hearing may be appropriate in "extraordinary situations." Fuentes v. Shevin, *supra,* 407 U.S. at 91, 92 S.Ct. 1983. The Court warned, however, that those situations must be truly unusual and detailed the factors which must be present. There must be an important governmental or general public interest, a special need for very prompt action, and the state must keep "strict control over its monopoly of legitimate force: the person initiating the seizure (must be) a government official responsible for determining, under the standards of a narrowly drawn statute, that it (is) necessary and justified in the particular instance." *Id.,* 407 U.S. at 91, 92 S.Ct. at 2000.

---

9. In State ex rel. Payne v. Walden, 190 S.E. 2d 777 (W.Va.1972), the Supreme Court of Appeals of West Virginia invalidated the rent distress provisions of that state, relying principally on *Sniadach* and *Fuentes.* In a 1932 decision, that Court upheld the garnishment provisions in West Virginia reasoning that a prejudgment deprivation of a debtor's property by attachment was only a temporary inconvenience and not a denial of due process. Byrd v. Rector, 112 W.Va. 192, 163 S.E. 845 (1932). To the extent that *Byrd* authorized deprivations of property as mere temporary inconveniences, the court in *Payne* disapproved and overruled it.

10. Plaintiff urges that the following statutory provisions satisfy the requirements of due process: W.Va.Code Ann. § 38–7–34 (1966) (debtor's costs); W.Va.Code Ann. § 38–7–35 (1966) (damages for unlawful attachment); W.Va.Code Ann. § 38–7–8 (1966) (creditor's bond to secure possession); W.Va.Code Ann. § 38–7–22 (1966) (payment of interests and profits to debtor pending trial of the suit); W.Va.Code Ann. § 38–7–23 (1966) (preservation of perishable commodities from waste); W.Va.Code Ann. § 38–7–20 (1966) (retention of property by debtor upon posting of bond).

■ The specific grounds delineated in W.Va.Code Ann. § 38–7–2 (1966) could be said to satisfy the first two factors suggested by the Court in *Fuentes*.[11] Conspicuously absent from West Virginia's statutory scheme, however, is any provision satisfying the third factor. In the words of the Court:

> The statutes, moreover, abdicate effective state control over state power. Private parties, serving their own private advantage, may unilaterally invoke state power to replevy goods from another. No state official participates in the decision to seek a writ; no state official reviews the basis for the claim to repossession; and no state official evaluates the need for immediate seizure. Fuentes v. Shevin, *supra*, 407 U.S. at 93, 92 S.Ct. at 2001.

Although the clerk of the court may examine the affidavit to determine if any of the statutory grounds have been included, there is no procedure for prior evaluation of the probable validity of the claim. *See also,* Newton v. Burgin, 363 F.Supp. 782, 787 (W.D.N.C.1973). For this reason, the prejudgment garnishment in this case, effected pursuant to Rule 64, Federal Rules of Civil Procedure, and W.Va.Code Ann. § 38–7–1 et seq. (1966), and conducted without the benefit of prior notice or opportunity for a hearing, is a denial of plaintiff's right to due process of law.[12]

Accordingly, it is

Ordered that defendant's motion to quash the order of attachment and summons to garnishee be, and it is hereby, granted.

11. The Court in *Fuentes* cited Ownbey v. Morgan, 256 U.S. 94, 41 S.Ct. 433, 65 L.Ed. 837 (1921), as an example of a situation in which outright seizure without a prior hearing was proper. In *Ownbey*, the Court upheld the procedure utilized in Delaware to obtain jurisdiction over the property of defendant. The Court in *Fuentes* characterized this as "a most basic and important public interest." Fuentes v. Shevin, 407 U.S. at 92, n. 23, 92 S.Ct. at 1999.

12. It is, of course, for the legislature of West Virginia to enact legislation that satisfies the requirements of due process. In that regard, Professor William D. Hawkland has proposed a "Model Notice and Hearing for Provisional Remedies Act" in conjunction with the Commercial Law League of America. The Model Act provides essentially that prejudgment seizure of property will be allowed only on court order and only after a hearing to determine the probable validity of the claim. *See* Note, 76 W.Va.L.Rev. 24, 36 (1973). See also Annot., 18 A.L.R. Federal 223 (1974).