**Edward H. COLTHARP, Plaintiff,**

v.

**Dal H. CUTLER et al., Defendants.**

No. C 76–47.

United States District Court,
D. Utah, C. D.

July 22, 1976.

---

Richard J. Leedy, Salt Lake City, Utah, for plaintiff.

Walker E. Anderson, Salt Lake City, Utah, for defendants Cutler, Potter, Century and Franciscan.

Roger G. Segal, Salt Lake City, Utah, for defendants Cougar and Patrie.

## MEMORANDUM OPINION

ALDON J. ANDERSON, District Judge.

### Arguments

The plaintiff filed his verified complaint on February 18, 1976, alleging:

4. The defendants in this action have all conspired amongst each other and agreed and utilized state action in depriving the plaintiff of his property without due process of law in violation of the plaintiff's civil rights guaranteed to him by the Fifth and Fourteenth Amendments to the United States Constitution and in violation of 42 U.S.C. §§ 1979–1988.

The plaintiff maintains that the defendants "spirited" a TD–24 International tractor dozer owned by the plaintiff from Nevada to Utah to prevent the plaintiff from recovering the tractor through process issued by the Nevada courts. The plaintiff contends that, once the tractor was in Utah, some of the defendants instituted a state court action and executed a writ of garnishment to prevent the defendant Patrie, who had possession of the tractor, from returning it to the plaintiff:

12. (c) Said garnishment was issued by state court action and upon information and belief served by state or local officials acting under color of law.

The plaintiff maintains that the defendants combined, conspired and agreed to deprive the plaintiff of his property and to allow the defendants to use the property without payment. The plaintiff maintains that:

13. The process which the defendants served entitled "Writ of Garnishment" failed to comply, not only with Utah law, but with the due process clause of the United States Constitution in that said garnishment was issued prior to the judgment without sufficient averment negating the opportunity to be heard and without an immediate notice to be heard, and without sufficient bond all in violation of 42 U.S.C. §§ 1979–1988.

The plaintiff maintains that the defendants' actions amount to an "abuse of process." The plaintiff alleges that the Utah process was issued in bad faith, with malice and with an improper motive to deprive the plaintiff of his property.

In his memorandum opposing the defendants' motions to dismiss, the plaintiff clarified the basis of his claim by explaining that his cause of action was based on 42 U.S.C.A. §§ 1983 and 1985(3) (1974) and that this court has jurisdiction under 28 U.S.C.A. § 1343 (1962). The plaintiff argues that he was deprived of a property interest by the defendants' use of persons acting under "color of statute" to prevent the plaintiff from regaining his property. The plaintiff contends that the defendants violated 42 U.S.C.A. § 1983 (1974) by serving garnishment against his tractor prior to either a court hearing or notice to the plaintiff. The plaintiff further argues that a cause of action exists under 42 U.S.C.A. § 1985(3) (1974) because of the defendants' conspiracy to deprive him of his property and to deny him equal protection and due process of the law. *See, e. g., Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); *Lynch v. Household*

*Finance Corp.,* 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972); *Sniadach v. Family Finance Corp.,* 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969).

The defendants argue that the section 1983 claim should be dismissed because the defendants are not state officials, did not enter into a conspiracy with state or local officials and, as such, have not acted "under color of state law" as is required by the statute. 15 Am.Jur.2d, Civil Rights § 14; *e. g., Gillibeau v. City of Richmond,* 417 F.2d 426, 430 (9th Cir. 1969). The defendants also point out that an attorney, such as the defendant Cutler, acting for private parties, is not acting in an official capacity and his actions are not under "color of law." *E. g., Haldane v. Chagnon,* 345 F.2d 601 (9th Cir. 1965).

The defendants point out that a conspiracy is not actionable under section 1985(3) unless it deprives the plaintiff of equal protection of the laws or of equality of privileges and immunities under the law. *See Collins v. Hardyman,* 341 U.S. 651, 71 S.Ct. 937, 95 L.Ed. 1253 (1951); 15 Am.Jur.2d, Civil Rights § 16. The defendants argue that a conspiracy, the purpose of which is to deprive the plaintiff of due process of law, as opposed to equal protection of the law, does not give rise to a cause of action under section 1985. *Dunn v. Gazzola,* 216 F.2d 709, 711 (1st Cir. 1954).

The defendants caution the court not to entertain a civil rights action in a case such as this unless the federal court is convinced that the state court proceedings were a nullity and had the purpose of depriving the plaintiff of his property without due process of law. *See Johnson v. Stone,* 268 F.2d 803, 804–05 (7th Cir. 1959); *Bottone v. Lindsley,* 170 F.2d 705, 707 (10th Cir. 1948), *cert. denied,* 336 U.S. 944, 69 S.Ct. 810, 93 L.Ed. 1101 (1949). The defendants contend that the plaintiff has an adequate remedy in the proceeding pending in the Third Judicial District, Salt Lake County, State of Utah, Civil No. 277090 in which the Franciscan Oil Company is suing E. H. Coltharp, the plaintiff in this action, E. H. Coltharp and Company, and three other individual defendants. It was pursuant to that state court action that the Writ of Garnishment was executed which is the basis of this suit. The defendants have filed copies of the materials from the state court case. The court notes that Mr. Coltharp has filed a counterclaim which states the same allegations as are contained in the complaint before this court and has filed a motion before the state court requesting that the remaining defendants from this case be added as third-party defendants in the state court proceeding. The filed materials show that the state court quashed the Writ of Garnishment on February 23, 1976, five days after this case was filed.

*Discussion*

*Section 1985*

■ Although there are many cases that declare that the basis of a section 1985 cause of action must be acts done under color of state law or authority [*E. g., Colon v. Grieco,* 226 F.Supp. 414 (D.N.J.1964)], it is apparent that section 1985(3) can be the basis of a cause of action arising solely from a private conspiracy such as the one the plaintiff alleges in this case. *E. g., Griffin v. Breckenridge,* 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971); *Ward v. St. Anthony Hospital,* 476 F.2d 671 (10th Cir. 1973); *Spampinato v. M. Breger & Co.,* 270 F.2d 46, 49 (2d Cir. 1959), *cert. denied,* 361 U.S. 944, 80 S.Ct. 409, 4 L.Ed.2d 363 (1960). The purpose of the private conspiracy must be to deprive "either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws . . . ." 42 U.S.C.A. § 1985(3) (1974). Section 1985(3) "does not give a cause of action for a conspiracy the purpose of which is to deny due process." *Dunn v. Gazzola, supra* 216 F.2d at 711; *see Dear v. Rathje,* 391 F.Supp. 1, 8 (N.D.Ill.1975). The court concluded in *Dunn* that the plaintiff merely made a bare

conclusory allegation that the defendants had jointly conspired to deprive the plaintiff of equal protection of the laws without adequate support in the facts alleged in the complaint. The First Circuit Court of Appeals determined that the plaintiff was really complaining of a denial of due process and affirmed the district court's dismissal of the case. After examining the complaint and filed materials in this case, the court concludes that it presents the same problem as was presented in *Dunn*—the plaintiff has presented mere allegations unsupported by facts concerning a denial of equal protection of the laws and is really complaining of an alleged denial of due process. The filed materials indicate that Mr. Coltharp had the same rights, protection, and privileges as any other defendant has in Utah state court proceedings. As such, the section 1985(3) claim was properly dismissed.

■ The plaintiff's section 1985(3) cause of action is also defective because the defendants' actions do not appear to be motivated by class-based, invidiously discriminatory purposes:

The constitutional shoals that would lie in the path of interpreting § 1985(3) as a general federal tort law can be avoided by giving full effect to the congressional purpose—by requiring, as an element of the cause of action, the kind of invidiously discriminatory motivation stressed by the sponsors of the limiting amendment. . . . The language requiring intent to deprive of *equal* protection, or *equal* privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.

*Griffin v. Breckenridge, supra* 403 U.S. at 102, 91 S.Ct. at 1798 (emphasis in original). Even if the plaintiff's complaint does contain a denial of equal protection allegation that could otherwise be considered by this court, the section 1985(3) cause of action would have to be dismissed because the plaintiff shows no racial or otherwise class-based "invidiously discriminatory animus behind the conspirators' action," as is re-

quired by *Griffin*. *See Ward v. St. Anthony Hospital, supra* 476 F.2d at 676; *Dear v. Rathje, supra* 391 F.Supp. at 8–9.

*Section 1983*

■■ As a general rule, federal courts are reluctant to use the federal civil rights statutes as a basis for interfering in state court proceedings:

It is conceivable that persons, either individually or acting in concert might so use the state judicial process as to deprive a person of his property without due process of law, or of equal protection of the laws, yet we are certain that to make out a cause of action under the Civil Rights Statutes, the state court proceedings must have been a complete nullity, with a purpose to deprive a person of his property without due process of law. To hold otherwise would open the door wide to every aggrieved litigant in a state court proceedings [sic], and set the federal courts up as an arbiter of the correctness of every state decision.

*Bottone v. Lindsley, supra* 170 F.2d at 707. The fact that a state court may have committed error in applying state law, which error deprived a federal plaintiff of his property, does not raise a federal constitutional question. *Powell v. Workmen's Compensation Board of State of New York,* 214 F.Supp. 283, 287 (S.D.N.Y.1963), *aff'd,* 327 F.2d 131 (2d Cir. 1964). A federal district court has no appellate jurisdiction over state court decisions and "[m]erely characterizing defendants' conduct [in using state court procedures] as conspiratorial or unlawful does not set out allegations upon which relief can be granted under the Civil Rights Act." *Hill v. McClellan,* 490 F.2d 859, 860 (5th Cir. 1974); *see Sykes v. State of California (Department of Motor Vehicles),* 497 F.2d 197, 202 (9th Cir. 1974); *Pickering v. State Finance Corp.,* 332 F.Supp. 1399, 1403 (D.Md.), *aff'd,* 450 F.2d 881 (5th Cir.), *cert. denied,* 405 U.S. 931, 92 S.Ct. 987, 30 L.Ed.2d 806 (1971).

■ The key issue presented in the plaintiff's section 1983 cause of action relates to whether the defendants acted under "color of state law" amounting to "state

action" and whether the defendants' actions deprived the plaintiff of "rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C.A. § 1983 (1974). Applying the above authorities to the facts in this case, it appears that the plaintiff's section 1983 claim should be dismissed because the resort to state courts by private parties does not amount to action under color of state law and does not raise a constitutional question. There are, however, some exceptions to that general rule and state court prejudgment remedies fall into one of the exceptions. "Self help" repossessions are generally held to not be under color of state law. *E. g., Adams v. Southern California First National Bank*, 492 F.2d 324 (9th Cir. 1974); *Kirksey v. Theilig*, 351 F.Supp. 727 (D.Colo.1972). The court has, however, been unable to find a section 1983 case where prejudgment attachment or garnishment through state court procedures has been held not to be under color of state law. Several different theories may be used to classify prejudgment attachment or garnishment as state action. Note, *Sniadach, Fuentes, and Mitchell: A Confusing Trilogy and Utah Prejudgment Remedies*, 1974 Utah L.Rev. 536, 548–52; *see* 18 A.L.R.Fed. 223 (1974). Regardless of the rationale, federal courts are uniform in either declaring or assuming that such prejudgment remedies are under color of state law when they are used as the basis for a section 1983 civil rights action. *Lynch v. Household Finance Corp., supra; United States General, Inc. v. Schroeder*, 400 F.Supp. 713, 716–17 (E.D.Wis.1975); *Morrow Electric Company, Inc. v. Cruse*, 370 F.Supp. 639 (N.D.Ga. 1974); *Gunter v. Merchants Warren National Bank*, 360 F.Supp. 1085 (D.Maine 1973); *Barber v. Rader*, 350 F.Supp. 183, 188–89 (S.D.Fla.1972); *Aaron v. Clark*, 342 F.Supp. 898 (N.D.Ga.1972); *McMeans v. Schwartz*, 330 F.Supp. 1397, 1399–1400 (S.D. Ala.1971); *Klim v. Jones*, 315 F.Supp. 109, 113–15 (N.D.Cal.1970).

■ There are some distinctions between the above cases and the case before this court. Most of the cited authorities involved a direct challenge to the state prejudgment remedy statute and were decided by a three-judge federal district court pursuant to 28 U.S.C.A. § 2281 (1965). This court does, however, have jurisdiction to consider this matter without convening a three-judge court. The issue concerning whether a three-judge court is required to hear a section 1983 prejudgment remedies case was discussed in *Klim v. Jones, supra:*

Because the Three-Judge Court proceeding is cumbersome and dislocates the normal operating pattern of the federal courts, a Three-Judge Court may be convened pursuant to 28 U.S.C. § 2281 only in a limited class of cases and only when all the requirements of that statute are met. [citations omitted]. One of the requirements of Section 2281 is that the injunction sought thereunder operates to restrain a state officer from enforcing the law sought to be challenged. [citations omitted].

Although numerous cases have relaxed this requirement by authorizing the convening of a statutory Three-Judge Court when an injunction is sought to restrain a *local officer* from performing a function embodying a policy of statewide concern or where the issue involved has statewide application, no case was cited by the parties nor discovered by the court's research wherein a statutory Three-Judge Court was convened where neither a state nor a local officer was sought to be restrained. Because no such state or local officer has been named as a defendant or is sought to be restrained here, this is not a case to be properly heard by a statutory Three-Judge Court.

315 F.Supp. at 112–13 (emphasis in original); *e. g., Moody v. Flowers*, 387 U.S. 97, 101–02, 87 S.Ct. 1544, 18 L.Ed.2d 643 (1967). In the present case, the only defendants are private individuals and the plaintiff is not seeking to enjoin the enforcement of the Utah garnishment and attachment procedures. If, as in this case, a plaintiff in a federal civil rights case "attacks only the application of the statute to the facts in question. . . . [a] three-judge Federal court need not be convened." *McGuire v. Sadler*, 337 F.2d 902, 906 (5th Cir. 1964).

■ On the surface, the authorities seem to indicate that the court has jurisdiction over Mr. Coltharp's section 1983 cause of action. A closer analysis of the complaint and the cases makes it clear, however, that the plaintiff does not properly state a section 1983 claim. Mr. Coltharp's complaint does not attack the constitutionality of the Utah prejudgment attachment and garnishment rules and procedures:

> 13. The process which the defendants served entitled "Writ of Garnishment" failed to comply, not only with Utah law, but with the due process clause of the United States Constitution in that said garnishment was issued prior to the judgment without sufficient averment negating the opportunity to be heard and without an immediate notice to be heard, and without sufficient bond all in violation of 42 U.S.C. §§ 1979–1988.

The plaintiff alleges that the garnishment process used in this case violated the Utah laws relating to prejudgment garnishment and violated the due process clause of the United States Constitution. The plaintiff clearly does not attack Utah prejudgment attachment and garnishment procedures as applied or on their face. Instead, the plaintiff alleges that in this one instance those procedures were not followed.

■ The plaintiff seems merely to be complaining of abuse of process and under these facts abuse of process does not involve a question of deprivation of any rights secured by the Constitution and laws as is required for a section 1983 cause of action. *Sarelas v. Porikos*, 320 F.2d 827, 828 (7th Cir. 1963). Abuse of process is simply a tort which can be remedied by the state courts.

■ In *United States General, Inc. v. Schroeder, supra,* the court stated that the use of "an unconstitutional prejudgment judicial remedy" constitutes state action within the meaning of section 1983. There does not appear to be state action in the case before this court because the plaintiff does not attack the constitutionality of the Utah garnishment and attachment procedures. The *Schroeder* court held that a private attorney, as well as his client, who had persisted in using a prejudgment garnishment remedy that had already been declared to be unconstitutional could be liable under the civil rights act. The key seems to be that before a judicial prejudgment remedy can be the basis of a section 1983 cause of action a constitutional question must exist concerning the state's prejudgment remedy procedure. If the constitutional question does not exist there is no state action and no deprivation of rights secured by the Constitution. Any other approach would place the federal courts in the unenviable position of reviewing state court actions that do not contain the substantial constitutional questions that are required by section 1983.

The only action alleged in the complaint that could possibly be interpreted as action under color of state law is the issuance of the "Writ of Garnishment." If the plaintiff had attacked the Utah attachment and garnishment procedures as being unconstitutional as generally applied or on their face the issuance of the garnishment writ would qualify as state action and a substantial federal constitutional question would be presented. Since the plaintiff merely alleged that the garnishment procedure used in this case violated Utah prejudgment garnishment procedures and denied him due process of the law, his federal civil rights case was dismissed. The plaintiff's complaint presents a state law question and it should be decided by the Third Judicial District Court of Utah in the currently pending case of *Franciscan Oil Co. v. Coltharp*, Civil No. 277090.

IT IS SO ORDERED.